255 So.2d 702 (1971)
Frank H. WILSON, Appellant,
v.
Mae B. CONDRA, Formerly Mae B. Wilson, Appellee.
No. O-204.
District Court of Appeal of Florida, First District.
December 16, 1971.
John Paul Howard, Jacksonville, for appellant.
Edward M. Booth, Jacksonville, for appellee.
RAWLS, Judge.
Defendant-husband appeals from an order modifying a final decree of divorce by transferring custody of the minor child from the father to the mother.
On December 11, 1959, the mother filed suit for divorce. In January of 1960 the mother and father entered into a stipulation which provided that the custody of the couple's one-year-old son should be with the father. This stipulation provided that the mother would not be barred from seeking custody of the son at some later date. The final divorce decree was entered in June 1961. Custody of the son was awarded to the father. In 1965 the mother and father agreed to expand the mother's visitation rights. In 1970 the mother filed a petition seeking custody of the son. In September 1970 a final judgment was entered modifying the custody provision of the divorce decree. Custody was awarded to the mother with visitation rights to the father and an elderly couple who had cared for the son.
The primary point on appeal is whether the record discloses that the trial judge abused his discretion in modifying the custody provisions of the divorce judgment.
*703 A chancellor is vested with the right to exercise a broad discretion in entering an initial child custody decree. He considers all of the facts and the best interests of the minor child. The final award of custody of a minor child is res judicata to all matters that are involved in and known at the time of the decree. It will not be modified to change the custody of the minor child to the other parent except where there is a material change in circumstances (or material facts unknown to the court at the time of the decree) and it is shown to be essential to the welfare of the child.[1]
Have the above requirements of the age-old law of this State been satisfied? We think not.
The record reflects that both the mother and father have remarried. The mother has a stable home and is now in a position to provide for the child. Reflecting upon similar circumstances in Ritsi v. Ritsi,[2] the Third District Court of Appeal stated:
"When a father has been granted custody under a divorce decree, remarriage of the mother and acquisition by her of a suitable home are not changes of circumstances which of themselves justify a change of custody from the father to her. Phillips v. Phillips, 153 Fla. 133, 13 So.2d 922; Belford v. Belford, 159 Fla. 547, 32 So.2d 312."
Such is the instant case.
The now twelve-year-old son did express a desire to live with his mother, but his wishes are only one factor to be considered.[3] The rights of a parent will not be disregarded in order to gratify the wishes of a child.[4] Through the years the father has always provided for the child's physical and spiritual needs and he continues to so do. We find no material change in circumstances which inure to the benefit of the child.
The second point on appeal deals with a provision in the modified custody award which grants visitation rights and a two weeks summer custody to an elderly couple.
The father placed the son with this couple during the child's younger years. This well-intentioned couple are devoted to the child. However, we find no basis in the record upon which an award to the couple of visitation rights and a two weeks summer custody can stand. This provision is set aside.
The decree appealed is reversed with directions to enter a judgment granting custody to the father with liberal visitation rights to the mother.
Reversed and remanded.
CARROLL, DONALD, Acting Chief Judge, and MASON, ERNEST E., Associate Judge, concur.
NOTES
[1] Frazier v. Frazier, 109 Fla. 164, 147 So. 464 (Fla. 1933); Garner v. Garner, 193 So.2d 673 (Fla. DCA 2d, 1967), and cases cited therein.
[2] Ritsi v. Ritsi, 160 So.2d 159 (Fla. DCA 3d, 1964).
[3] Udell v. Udell, 151 So.2d 863 (Fla. DCA 2d, 1963).
[4] Foster v. Sharpe, 114 So.2d 373 (Fla. DCA 3d, 1959).