311 So.2d 676 (1975)
Jane C. NICHOLSON, Appellant,
v.
Anthony J. NICHOLSON, Appellee.
Nos. 74-858, 74-1189.
District Court of Appeal of Florida, Fourth District.
March 14, 1975.
J. Michael Burman of Levy, Plisco, Perry Reiter & Shapiro, Palm Beach, and Howard S. Reiss of Law Offices of Howard Reiss, Orlando, for appellant.
Hubert W. Williams of Robertson, Williams, Duane & Lewis, P.A., Orlando, for appellee.
*677 PER CURIAM.
Upon consideration of the consolidated interlocutory appeals of Jane C. Nicholson, appellant, from orders modifying custody and holding appellant in contempt we are of the opinion that the orders should be reversed to the extent as hereinafter set forth.
The final judgment of dissolution based upon the petition filed by Anthony J. Nicholson, appellee, found both parties to be equally fit to have custody of the minor child and thereafter awarded custody of the child to the appellant. Subsequently, both parties filed petitions to modify the final judgment and motions for order of contempt predicated in part upon the wife's removal of the child to another state and the husband's failure to comply with certain payment provisions of the addendum to the final judgment of dissolution. The court ultimately adjudged both parties to be in contempt giving each party an opportunity to purge themselves; the court denied the wife's petition to modify judgment which sought permission to remove the child from the state and granted the husband's petition for modification to the extent of changing the custody of the minor child from appellant to the appellee.
In regard to the order modifying the final judgment of dissolution and transferring custody of the child from the appellant to the appellee the record does not reflect nor does the modification order suggest a substantial change in circumstances or conditions since the time the decree was entered, which requirement must be satisfied before custody can be altered. Frye v. Frye, Fla.App. 1967, 205 So.2d 310. A trial court does not have the same degree of discretion to modify the custody provision of a divorce decree as it does to enter the original decree. Frye v. Frye, supra. Absent the existence of a substantial change in conditions (and even where such substantial change exists absent a determination that the welfare of the child would be promoted by such change in custody), an order altering custody is erroneous.
In regard to the order holding appellant in contempt the record fails to reflect that appellant had adequate notice of the hearing at which she was adjudged in contempt.[1] Moreover, the order of contempt is deficient in that there is no express finding therein that the appellant had the ability to perform the act required of her. Ratner v. Ratner, Fla.App. 1974, 297 So.2d 344.
Accordingly, that portion of the order changing the custody of the minor child from the appellant to the appellee is vacated and set aside and the original custody order reinstated;[2] the order of contempt *678 is vacated and set aside and the cause remanded to the trial court for further proceedings on appellee's motion for contempt after reasonable notice and hearing thereon.
CROSS, MAGER, and DOWNEY, JJ., concur.
NOTES
[1] On August 14, 1974, the court entered an order denying appellant's motion for order of contempt. On August 15, the appellee renewed his motion and the court thereafter proceeded to hold a hearing on that date adjudging the appellant in contempt.

It is not necessary to issue a "rule to show cause" as a means of providing notice to the alleged contemnor. As a matter of practice the "rule" is technically no longer available and instead has been supplanted by a "motion for contempt order". See Florida Family Law, C.L.E., 2d ed., sections 33.8-33.11. See also Committee Note to Rule 1.100(b), F.R.C.P. Whichever procedure is utilized (the "rule" or the "motion"), service on the party is effectuated where service is made upon the party's attorney where it is clear that there is a pending cause in which such attorney is actively engaged on behalf of the party. Reizen v. Florida National Bank at Gainesville, Fla.App. 1970, 237 So.2d 30.
[2] We find no error in the trial court's refusal to deny the wife's petition for permission to remove the minor child from the state. The wife's desire to become self-sufficient is commendable; however, the present state of the record does not clearly demonstrate her inability to further her education in this state and the necessity for permitting the appellant to remove the child from the state for such purpose.