333 So.2d 526 (1976)
Nancy E. ROBINSON, Appellant,
v.
James Frank ROBINSON, Jr., Appellee.
No. 75-1092.
District Court of Appeal of Florida, Second District.
June 9, 1976.
Ann Loughridge Kerr, Tampa, for appellant.
H. Vincent Thorton and Peter P. Behuniak, Tampa, for appellee.
*527 GRIMES, Judge.
This is an appeal from the modification of a final judgment of dissolution in which the father was awarded permanent custody of the minor child, Rhonda, age 8.
In the original judgment of dissolution entered in 1972, the mother was awarded permanent custody. In November of 1974, the mother left Tampa and secured employment in Hawaii as a nurse. She took Rhonda with her. With approximately one month of school remaining for the child, the mother accepted more specialized employment in Los Angeles. Since Rhonda was scheduled to visit with her father for the summer anyway, the mother brought her back to Tampa to complete the school year. Thereupon, the father moved to acquire the child's custody.
In order to legally modify custody, there must be a substantial change in circumstances since the time the original judgment was entered. A trial court does not have the same degree of discretion to modify the custody provisions of a judgment of dissolution as it does in determining custody at the time of the original judgment. Frye v. Frye, Fla.App.4th, 1967, 205 So.2d 310.
There was no evidence that the mother was an unfit mother. In support of the modification, the father relied primarily upon three factors as indicating changed circumstances: (1) three changes of school enrollment in one year; (2) Rhonda's grandparents live in Tampa; and (3) because of the mother's work schedule in Los Angeles, others would have to take care of Rhonda for about two hours each day before she leaves for school. The father also points to the fact that he has now remarried and has overcome his former drinking problem.
Rhonda was at the top of her class, both in Tampa and Hawaii. Obviously, the moves did not interfere with her academic achievements. The proximity of a minor's grandparents is desirable, but it cannot control ths issue of custody. Cf. Sheehy v. Sheehy, Fla.App.2nd, 1975, 325 So.2d 12. It was always contemplated that the mother would have to work because the judgment awarded her only rehabilitative alimony until she finished nurses' training. The arrangements which were being made for Rhonda's care in Los Angeles were not shown to be detrimental to her development or welfare.
Admitting for the sake of argument that the father's situation has changed for the better, the evidence does not indicate the substantial change of circumstances necessary to justify the custody modification. The father failed to meet his burden of proof. Spradley v. Spradley, Fla.App.1st, 1975, 312 So.2d 215; Nicholson v. Nicholson, Fla.App.4th, 1975, 311 So.2d 676.
REVERSED.
McNULTY, C.J., and HOBSON, J., concur.