336 So.2d 10 (1976)
Elizabeth H. GALL, Appellant,
v.
John R. GALL, Appellee.
No. 74-1525.
District Court of Appeal of Florida, Second District.
August 4, 1976.
William P. O'Malley, Clearwater, for appellant.
Loyd C. Mosley, Clearwater, for appellee.
PER CURIAM.
The record in this suit for dissolution reflects that the parties had been married thirty years. They had four children, three of whom were grown. The youngest, a fourteen year old daughter, lives with her mother in the family home. The husband retired from the Air Force as a Colonel in 1970 and draws $790 per month retirement pay. This, together with what he earns driving a school bus, gives him a net monthly income of $1,156. The wife did not work while the parties were in the service, but upon the husband's retirement, she became employed as a secretary. In this capacity, *11 she now earns a net monthly income of $383. Except for a jointly owned home, neither party owns any substantial assets.
In granting dissolution, the court ordered the husband to pay the wife $150 per month plus medical and dental expenses as child support so long as the minor child was living with the wife. Except for two motor vehicles, one of which was given to each party, the parties' property was said to be jointly owed and thus held as tenants in common following the dissolution. The court declined to grant alimony.
The wife's first contention with respect to the division of property is without merit. However, we believe the court erred in failing to make a provision for permanent alimony. Each party filed financial statements with the court which were substantially contradicted. Disregarding certain voluntary contributions he was making to an older daughter and before deduction of the $150 per month child support payment ordered by the court, the excess of the husband's net monthly income over expenses was $414.50. Likewise, disregarding the child support payment, the wife's monthly expenses exceeded her net income by $193.63. Furthermore, among the husband's monthly expenses was $144 which the court required the husband to pay on the house mortgage. However, the judgment provided that upon a suit for partition to compel the sale of the house owned by the parties as tenants in common, the husband would be entitled to recover one-half of the mortgage payments. Therefore, in view of the fact that the court did not award the wife the use of the house while the minor child was with her, there was nothing to keep the husband from immediately bringing suit to partition the house, thereby reducing his monthly expenses by $77 and placing upon the wife the requirement of starting to pay for a place to live.
We believe this point is controlled by our decision in Lash v. Lash, Fla.App.2d, 1975, 307 So.2d 241. There is enough similarity in the facts of the two cases to dictate the application of the same principles. In Lash, we said:
"There is apparently a feeling in some circles that the passage of the `no-fault' divorce law in 1971 had the effect of abolishing permanent alimony except where the wife (or the husband, as the case may be) is unable to get a job. We know of no controlling decision to this effect and do not believe it to be the law. The only changes made with respect to alimony were to authorize its payment to either spouse and to permit an award of rehabilitative alimony. The fact that the legislature authorized rehabilitative alimony did not do away with permanent alimony. The provision authorizing rehabilitative alimony simply permits the judge in a proper circumstance to award support to a needy spouse for a limited period of time until she gets back on her feet and becomes self-sustaining. However, rehabilitative alimony presupposes the potential for self support. Reback v. Reback, Fla.App.3rd, 1974, 296 So.2d 541. Without this capacity there is nothing to which one can be rehabilitated. Schwartz v. Schwartz, Fla.App.3rd, 1974, 297 So.2d 117.
In recent years with the advent of equal employment opportunities for women, many women have been able to acquire higher paying jobs. To that extent there has been less need for the payment of alimony by their former husbands. Yet, it is still the law that where the wife demonstrates the need and the husband has the ability to pay, he is obligated to support her at a standard reasonably commensurate with that established by him during their marriage. Royal v. Royal, Fla.App.3rd, 1972, 263 So.2d 277; Preston v. Preston, Fla.App.3rd, 1968, 216 So.2d 31.
Where the parties are still quite young and have only been married a short period of time, a judge is understandingly reluctant to saddle the husband with the obligation of making permanent alimony payments for the rest of his life. At this point the wife is hardly in any different position than she was before she was married. However, in those cases where the dissolution comes about after many *12 years of marriage, there are different circumstances to be considered. In the first place, it often happens that the wife has given up her career upon marriage in order to manage the home and raise children. Furthermore, in a marriage where the wife has stayed home, the husband has had the opportunity of enhancing his working expertise during the entire period of his married life; whereas, the wife, if anything, may now be less equipped for work than she was when she became married... ."
In Sisson v. Sisson, Fla. 1976, 336 So.2d 1129 (Opinion filed June 30, 1976), our Supreme Court recently reaffirmed the desirability of alimony in a proper case. See also Dash v. Dash, Fla.App.3rd, 1973, 284 So.2d 407.
The wife further complains of that portion of the final judgment which provided that "neither party is given primary custody of the children of the parties, said children remaining in their joint custody and being entitled to live with either party." This provision could only apply to the fourteen year old daughter, since the other children had already reached their majority. The preference of a mature child concerning the parent with whom he or she would like to live is entitled to considerable weight, but it cannot control the disposition of custody. Gregory v. Gregory, Fla. App.2d, 1974, 292 So.2d 50; Wilson v. Condra, Fla.App.1st, 1971, 255 So.2d 702. To give a fourteen year old girl the unbridled discretion to choose the parent with whom she will live invites the possibility of serious disciplinary problems.
Accordingly, the judgment is reversed to the extent that the case is remanded for the purpose of making an award of permanent alimony to the wife and entering an order awarding custody of the minor child to one party or the other.
McNULTY, C.J., and HOBSON and GRIMES, JJ., concur.