376 So.2d 880 (1979)
John H. SANDERS, Appellant,
v.
Peggy J. SANDERS (Kirkland), Former Wife, Appellee, and
Johnny Frank Sanders, Sr., Former Husband.
No. NN-254.
District Court of Appeal of Florida, First District.
October 30, 1979.
Rehearing Denied December 3, 1979.
*881 Halley B. Lewis, Bell, for appellant.
Neil A. Malphurs, of Malphurs & Brown, Alachua, for appellee.
SHIVERS, Judge.
The marriage of Peggy J. Sanders (now Kirkland) and Johnny Frank Sanders, Sr. was dissolved by Final Judgment dated November 22, 1977. In conjunction with the dissolution of marriage proceedings, the parties entered into an agreement relating, inter alia, to the custody of their minor child, Johnny Frank Sanders, Jr.:
"... While the parties acknowledge that the wife is a fit and proper person to have custody of said child, the parties further agree that due to the particular financial and employment circumstances of the wife, custody of the child shall be assigned by the parties to the father of the husband, to-wit: John H. Sanders... ."
The agreement also provided for visitation privileges for both parties and obligated the natural father of the child to pay child support. The final judgment approved the agreement and incorporated the same by reference.
Approximately one year after the entry of the final judgment, the mother filed a supplemental complaint for modification, seeking to have the boy's custody changed from the grandfather to the mother. The supplemental complaint for modification alleged that the mother's financial and employment circumstances had changed and that "it is now in the best interest of the child" that the mother have custody. The trial court modified the final judgment of dissolution of marriage by awarding custody to the mother with visitation to the father. The court found that there had been a change in the employment and financial circumstances of the mother (the mother had changed jobs and had remarried) but noted that the change was not significant. The court found that the mother is a fit and proper person to have custody. However, the modification order made no finding of the change of custody being in the best interest of the minor child.
The grandfather answered the complaint, denying that a change would promote the boy's best interest and welfare, and affirmatively alleging that the child's interests and welfare would be best served by continuing his custody in the grandfather and further alleging that the child had lived next door and had had free access to the grandfather's home since the child was six months old, and that when the child's parents worked, the grandfather had sole responsibility for the child's care and guidance; that the child was well adjusted at home and at school; that the child's mother's employment required her to place the child in the care of others while she was at work; and, that her lifestyle was such that a change to her of the child's custody would not serve the child's welfare. At the time of the dissolution of the marriage the child was seven years old. At the time the modification proceedings were heard the child was nine years old.
*882 The grandfather's motion for judgment on the pleadings was denied. At the conclusion of the mother's case in chief, the grandfather moved for the entry of an order continuing the custody of the child in the grandfather. The trial court reserved ruling on this motion. At the conclusion of the hearing, the trial court granted the modification requested by the mother.
The trial court was correct in denying the grandfather's motion for a judgment on the pleadings. The allegations of the supplemental complaint for modification that "it was in the best interests of the child" for the modification and that there had been a substantial change in the mother's circumstances, were sufficient allegations to withstand a motion for judgment on the pleadings.
The mother's case in chief was primarily directed to the proof of three issues:
(1) the mother had remarried;
(2) the mother's finances had improved to a degree; and
(3) the mother now wanted custody of the child.
To warrant modification of a child custody award, there must be competent, substantial evidence that (1) there has been a substantial or material change in the conditions of the parties and (2) that the best welfare of the child will be promoted by a change of custody. Belford v. Belford, 159 Fla. 547, 32 So.2d 312 (1947); Bennett v. Bennett, 73 So.2d 274 (Fla. 1954); Frye v. Frye, 205 So.2d 310 (Fla. 4th DCA 1967); Nicholson v. Nicholson, 311 So.2d 676 (Fla. 4th DCA 1975); Avery v. Avery, 314 So.2d 198 (Fla. 1st DCA 1975), modified 327 So.2d 55 (Fla. 1st DCA 1976); In Interest of W.H., 356 So.2d 34 (Fla. 1st DCA 1978), cert. den. sub nom. Albritton v. Hedspeth, 360 So.2d 1247 (Fla. 1978). There was a failure in the mother's case in chief that the best interests of the minor child would be promoted by the modification. The child is being well provided for by the paternal grandfather and in an absence of showing how the modification would promote the best interests of the child, the custody in the grandfather should not be disturbed. We hold that the mother failed to carry her burden of proof to justify the modification and that the trial court erred in denying the grandfather's motion for judgment continuing custody of the minor child in the grandfather following the close of the mother's case in chief. The mother's petition for attorney's fee is denied.
REVERSED.
MILLS, C.J., and McCORD, J., concur.