BERANEK, Judge.
The former wife appeals from a final order entered pursuant to former husband’s petition and her counter-petition for modification of the child support provisions of their 1965 dissolution decree. The parties were married at a time when their financial situations were poor. Upon their divorce in 1965, the wife was awarded custody of the parties’ three minor children, and, pursuant to an agreement, the husband was ordered to pay child support of $400 per month. At *1313 that time, the wife was unemployed and without assets and husband was near bankruptcy with minimal income. After the divorce, the financial condition of both parties substantially improved. The husband became a very successful real estate developer with income and capital assets sufficient to pay any reasonable amount of child support. The wife secured a job making approximately $20,000 per year. She remarried and was again divorced. At the time of the modification hearing, she had savings of $45,000 cash plus a $45,000 four-bedroom home in which she resided with the one child whose support is in issue here. The home was encumbered by a $15,000 mortgage and wife had no other substantial debts.
Prior to the instant modification proceedings two of the parties’ three children began either living with the father or attending college full time. It is undisputed that the father supported these two children living away from the mother’s home and continued to pay the $400 per month child support to the wife. Peter Burrows, their youngest child, resided with the wife and is the only child whose support is in dispute. The present controversy concerns the amount of child support the husband should pay on behalf of Peter.
It is unquestioned that the father voluntarily provided financial assistance in regard to Peter, including summer camp, clothes and vacation trips. After the hearing, the trial court set child support for Peter in the sum of $200 per montlj, an increase of $66.67 per month from the $133.33 per month which the trial court found represented Peter’s proportionate share of the originally agreed upon $400 per month.
Although Meltzer v. Meltzer, 356 So.2d 1263 (Fla.3d DCA 1978), cert. denied 370 So.2d 460 (Fla.1979), relied upon by appellant, presents a very similar factual situation, we do not find it controlling. Since the Meltzer decision, the Supreme Court issued its decision in Canakaris v. Canakaris, 382 So.2d 1197 (1980), broadening the trial court’s discretion and defining the scope of appellate review thereof as follows:
In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the “reasonableness” test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness. (Emphasis supplied.) Canakaris v. Canakaris, supra.
While the amount of the increase of child support ordered here was admittedly small, we cannot say that no reasonable man could reach the conclusion of the trial court after viewing the parties and the subtleties involved. The order below is, therefore, affirmed.
AFFIRMED.
MOORE and HURLEY, JJ., concur.