385 So.2d 688 (1980)
Martha Sue ADAMS, Appellant,
v.
James K. ADAMS, Appellee.
No. 79-1982.
District Court of Appeal of Florida, Third District.
June 17, 1980.
Pennington, Wilkinson, Gary & Dunlap and Everett P. Anderson, Tallahassee, for appellant.
Ferrell & Ferrell and Milton M. Ferrell, Miami, for appellee.
Before SCHWARTZ and DANIEL PEARSON, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
*689 DANIEL PEARSON, Judge.
A final judgment of dissolution, rendered in 1975, awarded custody of the parties' then three-year-old son to the mother, Martha Sue Adams. At the time of the dissolution of the marriage, the father conceded "that custody would be best had with the mother." Mr. Adams, subsequently remarried, and in 1979 moved to modify the final judgment of dissolution, requesting that he be awarded custody of the child.[1]
The parties agreed that the evidence to be submitted on the motion to modify would be restricted to written reports prepared at the trial court's request by Department of Health & Rehabilitative Services representatives. Essentially, the report of the Tallahassee caseworker concluded that the environment which the mother was providing was "positive, satisfying [and] love filled." The Miami caseworker, who had not seen the child or the mother and had not observed the environment in which the child was being raised, concluded from an interview of the father and his newly-taken wife that the "father has as much, if not more, to offer in terms of love and emotional and material stability."[2] Based upon these reports, the trial court ordered that custody be changed.
The presumption of correctness which attaches to a ruling of a trial court[3] made upon written reports is slight.[4] In such an instance, as here, an appellate court has the same opportunity as the trial court to determine the probative force and legal effect of the written record.
A custody order can only be modified upon a showing that there has been a substantial and material change in the parties' circumstances since the entry of the prior custody award, and that the best interests and welfare of the child will be promoted by a change of custody. Bennett v. Bennett, 73 So.2d 274 (Fla. 1954); Belford v. Belford, 159 Fla. 547, 32 So.2d 312 (1947); Jones v. Jones, 156 Fla. 524, 23 So.2d 623 (1945); Ritsi v. Ritsi, 160 So.2d 159 (Fla. 3d DCA 1964); Sanders v. Sanders, 376 So.2d 880 (Fla. 1st DCA 1979); Garner v. Garner, 193 So.2d 673 (Fla. 2d DCA 1967). When a change of custody is sought, a trial court has considerably less discretion, and such a change must be supported by substantial evidence. Bennett v. Bennett, supra; Belford v. Belford, supra; Tash v. Oesterle, 356 So.2d 61 (Fla. 3d DCA 1978); Frye v. Frye, 205 So.2d 310 (Fla. 4th DCA 1967). Neither the husband's remarriage nor his increased material wealth constitutes a change in circumstances sufficient to justify modification of custody. Anderson v. Anderson, 309 So.2d 1 (Fla. 1975); Belford v. Belford, supra; Ritsi v. Ritsi, supra; Wilson v. Condra, 255 So.2d 702 (Fla. 1st DCA 1971).
Applying these principles to the present case, and upon our independent review of the written reports which formed the basis for the trial court's decision, we hold that there was not substantial evidence to support a finding that the parties' circumstances had materially changed and that the best interests and welfare of the child would be promoted by a change of custody. Accordingly, we reverse the order of the trial court changing the custody of the child from the *690 mother to the father with directions to reinstate the visitation rights of the father and his obligation to make child support payments to the mother.
Reversed.
NOTES
[1] Mrs. Adams, who by then lived in Tallahassee with the child, moved for a change of venue, and being denied that relief, appealed to this court. We affirmed the trial court. See Adams v. Adams, 374 So.2d 29 (Fla. 3d DCA 1979).
[2] There was simply no basis upon which the Miami caseworker could make this comparative judgment. See Taylor v. Schilt, 292 So.2d 47 (Fla. 2d DCA 1974). The fact that the father may be a fit and proper custodian is insufficient to change custody from another fit and proper custodian, the mother.
[3] For the most part, the presumption of correctness arises from the fact that the trial court's opportunity to observe the attitude, demeanor and responses of witnesses gives to that court the greater ability to assess credibility and from that decide the facts. West Shore Restaurant Corp. v. Turk, 101 So.2d 123 (Fla. 1958); Harmon v. Harmon, 40 So.2d 209 (Fla. 1949); Conklin v. Pruitt, 182 So.2d 644 (Fla. 1st DCA 1966).
[4] This "slight" presumption of correctness in a case determined by the trial court on a written record refers only to the appellant's burden to demonstrate error.