386 So.2d 592 (1980)
Christine L. STEARNS, Formerly Christine L. Szikney, Appellant,
v.
Gregory SZIKNEY, Appellee.
No. 79-1340/T4-605.
District Court of Appeal of Florida, Fifth District.
August 6, 1980.
*593 James K. Freeland, Orlando, for appellant.
No appearance for appellee.
SHARP, Judge.
Christine Stearns, (formerly Christine Szikney) appeals from a judgment refusing to set aside the final judgment of dissolution between herself and Gregory Szikney, and denying her petition to change the award of custody of their child from Gregory to herself. We affirm the circuit court's determination not to set aside the judgment of dissolution, but we reverse the ruling on custody.
Christine and Gregory married approximately six weeks before Christine gave birth to Jennifer on September 26, 1973. In 1976, they separated. They reconciled and resumed living together, but Gregory insisted on a divorce. He hand-drafted pleadings on his employer's stationery which Christine signed. Both appeared at the final hearing, and the Final Judgment recites, "the wife ... was interrogated at length by the Court concerning giving up her child, the division of property of the parties, and other pertinent aspects of this dissolution."
Christine and Gregory continued living together for approximately two years after the dissolution. Christine and Jennifer then moved into an apartment. Since Jennifer's birth, Christine had the primary care and responsibility for Jennifer.[1] One afternoon shortly before the petitions were filed in this case, Gregory took Jennifer from her nursery without Christine's permission, and has since refused to return the child to Christine's custody.
Christine testified that Gregory forced her to go through with the divorce by intimidation, threats and misrepresentations. He told her his family would disinherit him and Jennifer unless they obtained a divorce, and that he would not resume living with her and Jennifer unless she consented to the proposed judgment giving up the custody of their child. Although we do not look with favor on "do-it-yourself" divorces, judgments long of record are susceptible to challenge, only for the most serious and extreme reasons.[2] The kind of pressure Gregory subjected Christine to was reprehensible, but it does not constitute grounds to set aside the judgment of dissolution. Bare v. Bare, 120 So.2d 186 (Fla.3d DCA 1960); Bailey v. Bailey, 300 So.2d 294 (Fla.4th DCA 1974). Further, the parties' life-style demonstrates more strongly than *594 words their relative indifference to the "bonds of matrimony," going in as well as coming out. This misconception was theirs, for which the courts afford no remedy.
The trial court refused to consider Christine's application for change of custody because it did not find she established a sufficient change of circumstances since the dissolution. We disagree. The judgment awarded custody of Jennifer (then age two) to her father. However, she remained in her mother's primary care for the next three years. Only shortly before this petition to modify was filed had she ever been in her father's custody. These facts constitute a substantial change in conditions and circumstances since the custodial decree. Sayward v. Sayward, 43 So.2d 865 (Fla. 1949); Belford v. Belford, 159 Fla. 547, 32 So.2d 312 (1947); Frazier v. Frazier, 109 Fla. 164, 147 So. 464 (1933). Frye v. Frye, 205 So.2d 310 (Fla.4th DCA 1968) is not controlling because the changed circumstances in this case directly relate to the treatment and care the child received from the parties. The "real change" for Jennifer occurred when she was "repossessed" by Gregory from her nursery.
Upon proof of a substantial change in circumstances, the moving party must show that the welfare of the child would be promoted by the changed custody. Sanders v. Sanders, 376 So.2d 880 (Fla.1st DCA 1979); Frye v. Frye, 205 So.2d 310 (Fla.4th DCA 1968). The court ordered a report from the Florida Department of Health and Rehabilitative Services. The report recommended that custody of Jennifer be given to Christine. It said both were "fit" parents, but it favored Christine because Gregory had been adversely influencing the child against her mother, and his strongest motivation to have custody of Jennifer was to keep her away from Christine, and punish or get back at his former wife. Gregory puts Jennifer in a day care center from 8:00 A.M. to 5:30 P.M. His supervision and care of Jennifer was also found to be somewhat casual for a 5 year old child. However Christine planned to work only part-time, if she regained custody of Jennifer. She has had special training in child care and development, and a course in "parent effectiveness training." The evidence favored Christine as the parent who should have custody, based simply on what is in Jennifer's best interest. Demasco v. Demasco, 345 So.2d 391 (Fla.3d DCA 1977). Therefore we reverse the lower court's denial of change of custody, and direct that permanent custody of Jennifer be given to Christine. We remand this matter for the purposes of awarding child support for Jennifer, if appropriate, and reasonable visitation rights for Gregory.
AFFIRMED in part; REVERSED in part and REMANDED.
FRANK D. UPCHURCH, J., and FRANCES ANN JAMIESON, Associate Judge, concur.
NOTES
[1] Gregory paid little attention to Jennifer until she was 2 1/2 years old, and he had not wanted Christine to carry her to term. A subsequent pregnancy was terminated by an abortion at his insistence.
[2] Lawn v. Wasserman, 226 So.2d 261 (Fla.3d DCA 1969); 19 Fla.Jur., Judgments and Decrees § 469 (Supp. 1980).