417 So.2d 819 (1982)
Patricia HAINES, Appellant,
v.
John E. HAINES, Appellee.
No. 81-1577.
District Court of Appeal of Florida, Fourth District.
August 4, 1982.
*820 Amy Shield Levine, Boca Raton, and Law Offices of James F. Simpson, West Palm Beach, for appellant.
J. Brian Brennan, West Palm Beach, for appellee.
DELL, Judge.
Patricia Haines, respondent below, appeals the order of the trial court granting appellee's petition for change of custody of the parties' minor son. Appellant contends the trial court erred by granting the petition, by denying her counter petition for increased child support, and by excluding her attorney fee witness, resulting in denial of her motion for attorney fees. We reverse on all points.
When considering a petition for modification of custody, the trial court has less discretion than it had in entering the original decree. To alter custody, the record must contain substantial competent evidence of both a substantial or material change in the circumstances of the parties, and that the best welfare of the child will be promoted by such change in custody. Nicholson v. Nicholson, 311 So.2d 676 (Fla. 4th DCA 1975); Culpepper v. Culpepper, 408 So.2d 782 (Fla. 2d DCA 1982); Stricklin v. Stricklin, 383 So.2d 1183 (Fla. 5th DCA 1980); Sanders v. Sanders, 376 So.2d 880 (Fla. 1st DCA 1979), cert. denied, 388 So.2d 1117 (Fla. 1980). The final order finds that the best interests of the child call for transfer of custody, but is silent as to any change in circumstances. The record fails to demonstrate substantial competent evidence of a material change in circumstances which would support a modification of custody. The trial judge abused his discretion in entering this order.
In her counter petition, appellant asked for attorney fees, but failed to list an attorney fee expert on the witness list. At final hearing, appellant's counsel sought to introduce the testimony of this witness, appellee's counsel objected, and the following colloquy took place:
THE COURT: You say you didn't list him as an expert witness?
MR. SIMPSON: No, sir.
THE COURT: Did you list him at all?
MR. SIMPSON: No, sir. I just always call an attorney to testify as an expert witness. I just forgot to list him. I would request to amend my certificate at this time to include him or present it at a later date.
THE COURT: Objection sustained.
The resolution of problems regarding the testimony of undisclosed witnesses in civil litigation rests within the broad discretion of the trial judge, guided by a determination as to whether or not the objecting party will suffer prejudice. Prejudice here refers to surprise in fact, and the court may also consider the objecting party's ability to cure the prejudice, the calling party's possible bad faith non-compliance with witness disclosure, and the possible disruption of the orderly administration of the trial. Binger v. King Pest Control, 401 So.2d 1310 (Fla. 1981).
If after considering these factors, and any others that are relevant, the trial court concludes that the use of the undisclosed witness will not substantially endanger the fairness of the proceeding, the pretrial order mandating disclosure should be modified and the witness should be allowed to testify.
Id., at 1314.
It does not appear that the trial judge considered any of these factors. *821 Since appellant asked for attorney fees in her pleadings, appellee cannot reasonably claim surprise at the attempt to introduce testimony on this issue. Any prejudice could have been cured by holding a separate hearing at a later date, as frequently occurs in domestic relations cases, and as requested by appellant's counsel. Appellant's counsel testified that he merely forgot to include the witness on the witness list, and the record shows no reason to infer an intentional, bad faith noncompliance. Finally, the record contains no evidence as to any possible disruption of the case or the trial calendar. On this record no basis exists to support a conclusion that the use of this attorney fee expert witness would substantially endanger the fairness of the proceeding, and his testimony should have been admitted.
We reverse the order of the trial court and remand the cause for entry of such orders as are necessary to restore custody to appellant; for consideration of appellant's counter petition for increased child support; and for an evidentiary hearing on appellant's entitlement to attorney fees.
REVERSED and REMANDED with directions.
GLICKSTEIN and WALDEN, JJ., concur.