433 So.2d 1251 (1983)
Patricia Ann Vanden Bosch ELKINS, Appellant,
v.
Jay Henry VANDEN BOSCH, Appellee.
Nos. 82-1602, 82-1604, 82-1821 and 82-1822.
District Court of Appeal of Florida, Third District.
June 21, 1983.
Rehearing Denied July 22, 1983.
Joe N. Unger, Miami, for appellant.
Markus, Winter & Feldman and Sheldon I. Pivnik and Stuart A. Markus, Miami, for appellee.
Before BARKDULL, HUBBART and DANIEL S. PEARSON, JJ.
PER CURIAM.
The order under review ratified and approved the report of a general master which *1252 changed the permanent custody of four minor children (triplet sons, age 12; and a daughter, age 15) from the mother to the father. The sole point on appeal is whether the record discloses an abuse of discretion on the part of the court in modifying the prior custody award.
We begin with the proposition that "[a] litigant who seeks to change a custody order carries an extraordinary burden." McGregor v. McGregor, 418 So.2d 1073, 1074 (Fla. 5th DCA 1982). To overcome the res judicata effect of an existing custody order, a party must establish that there has been a material change of circumstances which would warrant a change of custody. Walfish v. Walfish, 383 So.2d 274 (Fla. 3d DCA 1980); Culpepper v. Culpepper, 408 So.2d 782 (Fla. 2d DCA 1982); Stricklin v. Stricklin, 383 So.2d 1183 (Fla. 5th DCA 1980); Garvey v. Garvey, 383 So.2d 1172 (Fla. 2d DCA 1980); Nicholson v. Nicholson, 311 So.2d 676 (Fla. 4th DCA 1975); Wilson v. Condra, 255 So.2d 702 (Fla. 1st DCA 1971). Additionally, a party must show that the welfare of the child will be promoted by the change. Brush v. Brush, 414 So.2d 37 (Fla. 3d DCA 1982); Haines v. Haines, 417 So.2d 819 (Fla. 4th DCA 1982); Culpepper v. Culpepper, 408 So.2d 782; Brown v. Brown, 388 So.2d 623 (Fla. 4th DCA 1980); Stricklin v. Stricklin, 383 So.2d 1183; Nicholson v. Nicholson, 311 So.2d 676.
The report of the general master, adopted by the trial court, reveals that after conducting in camera discussions with the children,
"The Master found all the children articulate as to their needs and desires, mature enough to rationally, and without response to parental pressure, make a decision for themselves as to whom they would prefer to be with. Each and every child when inquired of, stated unequivocably and absolutely that their choice was the Father, the Respondent herein."
Most significantly, the only change in circumstances found by the master[1] was that
"circumstances have indeed changed and simply put that change is that Michelle (age 15) wants to remain living with her father and that the triplet boys (age 12) want to remain with their father."[2]
The question before us is whether the stated preference of the children to be in their father's custody is, standing by itself, a material change of circumstances which will support a custody change. The answer is clearly no.
Even assuming, arguendo, that twelve and fifteen-year-old children possess sufficient intelligence, understanding and experience to make a mature choice between their parents,[3]see Berlin v. Berlin, 386 So.2d 577 (Fla. 3d DCA 1980), rev. denied, 394 So.2d 1151 (Fla. 1981) (expressed desire of children, ages eight and ten, to live with mother entitled to no weight), their stated preference to live with a particular parent, while a factor to be considered and weighed, cannot control the disposition of custody. Garvey v. Garvey, 383 So.2d 1172; Gall v. Gall, 336 So.2d 10 (Fla. 2d DCA 1976). Cf. Goldstein v. Goldstein, 264 So.2d 49 *1253 (Fla. 3d DCA 1972). Here there is no finding that the mother is any less fit a parent than she was when given custody of the children in 1977 and no finding that the children will be detrimented if custody is not changed. Cf. In re Gregory, 313 So.2d 735 (Fla. 1975) (child's stated preference to live with father combined with evidence that mother neglected child sufficient to warrant change of custody). Indeed, the sole change of circumstances reflected in the report, adopted by the court, is the children's preference. The law does not give children the unfettered discretion to choose the parent with whom they will live, see Gall v. Gall, 336 So.2d 10, or gratify the wishes of children at the expense of the rights of a parent. Wilson v. Condra, 255 So.2d at 703. Were it otherwise, the law would encourage manipulation by both children and parents and foster a breakdown in discipline, neither of which is in the best interests of children.
Accordingly, the order of the trial court adopting the general master's report which changes custody of the children to the father is reversed.[4]
NOTES
[1] Both parties rely on earlier on-the-record comments by the general master to support their positions. The mother says that the master had earlier stated there was no change of circumstances which would warrant a change of custody in an effort to bolster her position that the only change was the children's statement of preference. The father argues that the master stated there was some change of circumstances apart from the stated preference of the children. We disregard these comments and rely, as did the trial court, on the words of the general master as stated in his written report.
[2] While the report refers to the children remaining with their father, the allusion is to the fact that the father had temporary custody of the children pending the outcome of these proceedings. Permanent custody was still with the mother by virtue of the custody provisions in the final judgment of dissolution entered in 1977.
[3] It is interesting to note that, as the trial court's order on exceptions to the general master's report reflects, several weeks after the fifteen-year-old daughter stated her unequivocal and absolute preference to live with her father, she changed her mind and decided her preference was to live with her mother. Thus, the mother was given temporary custody of the girl.
[4] The general master's report invited the parties to revisit the matter upon the expiration of a year, that is, after June 15, 1983. The effect of our order is to restore custody in the mother and thus to replace the burden on the father to show a change in material circumstances and that the best interests of the children will be served by a change of custody to him.