444 So.2d 1034 (1984)
Mary Catherine ZEDIKER, Appellant,
v.
Arthur Clayton ZEDIKER, Appellee.
No. AT-61.
District Court of Appeal of Florida, First District.
January 18, 1984.
Rehearing Denied February 24, 1984.
*1035 C. David Fonvielle of Green & Fonvielle, Tallahassee, for appellant.
Rhonda S. Martinec, of John F. Daniel, Chartered, Panama City, for appellee.
ERVIN, Chief Judge.
Appellant, Mary Catherine Zediker (wife), appeals a post-dissolution order modifying a final judgment of dissolution, contending that the trial court abused its discretion by changing custody of the parties' three minor children from the wife to the appellee, Arthur Clayton Zediker (husband), and in converting the wife's permanent periodic alimony to rehabilitative alimony. We address on the merits only that portion of the order directing a change of custody, and reverse.
When the parties' fifteen-year marriage was dissolved in 1980, the wife was awarded custody of the three children, child support, permanent periodic alimony and the marital home. This court affirmed the marital dissolution judgment in Zediker v. Zediker, 398 So.2d 915 (Fla. 1st DCA 1981). Thereafter, the husband, a successful dentist, continued both his professional practice and residence in Panama City, where he had close family ties, while the wife, intending to pursue a second college degree in engineering, moved to Orlando with the children. The record discloses recurring disputes between the parties which in 1982 culminated with the wife's petition,[1] and the husband's counter-petition for modification of the final judgment. The husband, alleging a substantial change in circumstances, sought custody of the children, as well as a reduction in the $1,000.00 per month in alimony that had been awarded the wife, or a conversion of such alimony from permanent periodic to rehabilitative. The case was heard by a special master who, finding that a substantial change in circumstances had occurred, determined that the best interests of the children would be served by awarding custody of the children to the husband.
As to the issue of conversion of alimony, the special master recommended that if custody were changed, the permanent alimony then be converted to rehabilitative. Because there was insufficient evidence presented to allow a determination as to the appropriate duration of such alimony, the special master suggested that additional hearings be held. Affirming and adopting the special master's findings and recommendations, the trial court, on April 22, 1983, ordered that custody be changed in favor of the husband; that the husband's child support obligations be terminated, and that the husband continue to pay $1,000.00 per month, but as rehabilitative alimony. The order further directed the special master to take additional evidence on the issue of alimony and to make recommendations as to the duration and amount of such alimony.
We note initially that notwithstanding the parties' assumption that the order of April 22 was final as to all issues, it is in fact a non-final order. Although it conclusively determines the issue of change of custody and is thus appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii), the order fails to resolve with finality the issue pertaining to the conversion of alimony. Because that issue, the propriety of which is appellant's second point on appeal, has yet to be fully determined by the *1036 trial court, we decline to reach the merits of that point, without prejudice to appellant's right to raise again that issue, if necessary, after final resolution of this case by the trial court on remand.
The wife first contends, as to the custody modification, that reversal is required because the husband failed to satisfy his burden of proof in the custody modification proceeding and that the granting of such modification thus amounted to an abuse of the trial court's discretion. We agree. Unlike proceedings to modify awards of child support or alimony, the non-custodial parent seeking to modify a prior award of custody "carries an extraordinary burden." McGregor v. McGregor, 418 So.2d 1073, 1074 (Fla. 5th DCA 1982) (emphasis supplied). Accord Elkins v. Vanden Bosch, 433 So.2d 1251 (Fla. 3d DCA 1983). See generally Iljazi v. Iljazi, 436 So.2d 326 (Fla. 2d DCA 1983); Stearns v. Szikney, 386 So.2d 592 (Fla. 5th DCA 1980); Berlin v. Berlin, 386 So.2d 577 (Fla. 3d DCA 1980); Stricklin v. Stricklin, 383 So.2d 1183 (Fla. 5th DCA 1980); Teta v. Teta, 297 So.2d 642 (Fla. 1st DCA 1974); Wilson v. Condra, 255 So.2d 702 (Fla. 1st DCA 1971); Bennett v. Bennett, 73 So.2d 274 (Fla. 1954). In satisfying this burden, it is essential that the movant rely only on changes occurring after entry of the original final judgment of dissolution because that judgment is res judicata as to "all matters involved and known at the time of the [judgment]." Teta, 297 So.2d at 646 (emphasis supplied). Accord Wilson, 255 So.2d at 703.
In the case at bar, the husband and his witnesses testified at length regarding the relationship between the husband, the wife, the children and the husband's relatives. Much of this testimony, however, improperly relates to circumstances existing prior to the dissolution. The remaining testimony, although somewhat supportive, indicates, as stated by the wife's counsel, that "the real problem in this case stems from the complete inability of the mother and father to `get along.'" The record is replete with accusations and counter-accusations, chronicling constant and often embittered bickering between the husband and wife over such subjects ranging from the payment of orthodontic and medical bills incurred by the children, to the length of the childrens' "good-byes" with their father. The issue before us is whether the inability of two otherwise intelligent and rational adults to communicate before, during or after visitation amounts to a substantial or material change of circumstances following dissolution which would justify a change of custody. We hold that it does not, and therefore conclude that the court's award of change of custody amounts to an abuse of discretion requiring reversal.
Just as the record fails to support a finding of substantial change of circumstances, it also fails to support the special master's opinion that a change of custody would be in the best interests of the children. Although all three children had, at various times, expressed some desire to live with their father, their testimony before the special master can at best be characterized as ambivalent and inconclusive. Had they all evinced a clear and definite desire to live with their father and not with their mother, that preference would not alone be dispositive of the issue whether their best interests would be served by ordering a change in custody. See Elkins, 433 So.2d at 1252. The only other evidence presented by the husband on this issue was in the form of expert testimony by a marriage therapist. The therapist had seen the husband on a number of occasions after the dissolution, and the children only once. She had not, however, had the opportunity to visit the wife at any time after the dissolution and admittedly had not conducted any psychological tests on the parties. Neither did she have adequate information upon which to base an opinion as to the propriety or necessity of a change of custody from mother to father. She was, nevertheless, allowed to give her opinion that a boy of fourteen years of age or older would probably benefit more from living with his father than with his mother. Although *1037 this opinion may be generally shared by experts in this field, we do not find that it rose to that level of competent and substantial evidence which requires a showing that the best interests of the children would be promoted by a change of custody. It is therefore our view that the husband has failed to satisfy the heavy burden imposed upon him as a non-custodial parent seeking to modify a prior award of custody.
In urging that affirmance is nevertheless required, the husband argues that we are bound to apply the "reasonableness" test of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), holding that "[i]f reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion." Id. at 1203. Because reasonable men could differ as to the propriety of the order of modification entered below, the husband insists that this court has no option but to affirm. The wife, on the other hand, responds that the Canakaris test should not be applied to this factually different and procedurally distinct case, as it relates to the issue of change in custody. We agree with the wife's position and reject the husband's suggestion that Canakaris mandates affirmance of an order granting a modification of an earlier custody award. Canakaris, in reviewing an appellate court decision reversing a trial court's final judgment of dissolution, which had awarded to the wife both lump sum and periodic alimony, made sweeping and dramatic changes in the remedies and methods available to trial judges faced with the "difficult problem of apportioning assets required by the parties and providing necessary support" in dissolution cases. 382 So.2d at 1202 (emphasis supplied). In addition to re-defining and expanding the various options available to the trier-of-fact in resolving such questions, Canakaris also enlarged the trial court's discretion over such matters, while concomitantly narrowing the scope of appellate review by adopting the "reasonableness" test of abuse of discretion. See Note, Canakaris v. Canakaris: An Examination of Aspects of Florida's Law on the Dissolution of Marriage, 34 U.Miami L.Rev. 1227 (1980). The issue before us, then, is whether the "unusually broad discretion accorded to trial judges in dissolution cases since Canakaris", Tommaney v. Tommaney, 405 So.2d 454, 456 (Fla. 2d DCA 1981) (emphasis supplied), is to be similarly accorded to a trial judge considering a post-dissolution motion for modification of child custody. We are of the view it is not.
Although the Canakaris test has been applied to determine if abuses of discretion have occurred in cases involving requests for the modification of prior alimony awards, see Parkhurst v. Parkhurst, 413 So.2d 853 (Fla. 4th DCA 1982); Veach v. Veach, 407 So.2d 308 (Fla. 4th DCA 1981), prior child support awards, see Burrows v. Burrows, 384 So.2d 1312 (Fla. 4th DCA 1980), or both, see Brooks v. Brooks, 423 So.2d 995 (Fla. 3d DCA 1982); Rhoades v. Rhoades, 416 So.2d 1233 (Fla. 1st DCA 1982); Schottenstein v. Schottenstein, 384 So.2d 933 (Fla. 3d DCA 1980), it has yet to be applied explicitly to a situation in which a modification of a prior custody award was sought. Moreover, the pre-Canakaris rule governing custody modifications has never been expressly disapproved. We therefore consider that the following rule remains unaffected by the reasonableness test adopted in Canakaris: "When considering petitions for modification of custody or visitation arrangements, the court does not have the same degree of discretion as it does in entering the original decree." Teta v. Teta, 297 So.2d at 646 (emphasis supplied). Accord Culpepper v. Culpepper, 408 So.2d 782 (Fla. 2d DCA 1982); Stricklin v. Stricklin, 383 So.2d at 1184; Garvey v. Garvey, 383 So.2d 1172 (Fla. 2d DCA 1980); Adams v. Adams, 385 So.2d 688 (Fla. 3d DCA 1980); Baker v. Baker, 360 So.2d 19 (Fla. 4th DCA 1978); Robinson v. Robinson, 333 So.2d 526 (Fla. 2d DCA 1976); Nicholson v. Nicholson, 311 So.2d 676 (Fla. 4th DCA 1975). Our position is additionally supported by the following rule, also unaltered *1038 by Canakaris, requiring the non-custodial parent, who seeks modification of the earlier custody award, to satisfy a two-part evidentiary test not imposed upon parties asking changes in prior alimony or support awards: "Upon proof of a substantial change in circumstances, the moving party must show that the welfare of the child would be promoted by the changed custody." Stearns v. Szikney, 386 So.2d at 594 (emphasis supplied).
Given the extraordinary burden placed upon one moving to modify a custody award, and the limited discretion that has traditionally been accorded the trial court when considering such a request, we cannot accept the husband's position that this court's scope of review in such cases is restricted simply to determining whether reasonable men could differ as to the result reached below. Our task, instead, is to determine whether the trial judge's discretion is supported in the record by competent and substantial evidence revealing that substantial or material changes in the parties' circumstances had occurred subsequent to the dissolution, and that a change of custody would promote the best interests of the children involved. When, as in this case, the record fails to reflect such evidence, we must hold that the lower court has abused its discretion. See Wilson v. Condra; Sanders v. Sanders, 376 So.2d 880 (Fla. 1st DCA 1979). We nevertheless certify to the Florida Supreme Court, pursuant to Article V, Section 3(b)(4) of the Florida Constitution, the following question as one of great public importance:
DOES THE REASONABLENESS TEST OF ABUSE OF DISCRETION, STATED IN CANAKARIS V. CANAKARIS, 382 So.2d 1197 (Fla., 1980), APPLY TO POST-DISSOLUTION ORDERS DIRECTING CHANGES IN CHILD CUSTODY?
The order, insofar as it dictates a change of custody is REVERSED, and this cause is REMANDED for further proceedings consistent with this opinion.
JOANOS, J., and MINER, CHARLES E., JR., Associate Judge, concur.
NOTES
[1] The wife's petition for modification was premised on what she had alleged was (1) the husband's failure to supervise adequately the children during the eight to nine weeks the children were with him each summer, and (2) his unreasonable insistence that orthodontic care, including periodic check-ups, be provided for the children in Panama City where he could oversee their progress and could also obtain such care at a reduced rate. Although testimony relating to those issues was presented before the special master, no findings or rulings were made with respect to the wife's petition and those issues are therefore not before us at this time.