HARRIS, Chief Judge,
dissenting.
I dissent in the hope that the problem described herein will at least generate debate and may ultimately lead to an acceptable solution. This case involves the validity of a codicil. There was substantial evidence presented on both sides of the issue. Truly, under normal circumstances, either way the trial court ruled would have been upheld because there would have been sufficient evidence to sustain the presumption of correctness of the trial court’s ruling.
But this is not the normal case. The issue here is whether the presumption of correctness is still applicable when the trial court takes twenty-two months after hearing the evidence to decide the case. I submit that the presumption should no longer prevail.[1]
The Florida Supreme Court has explained the “presumption of correctness” as follows:
For the most part, the presumption of correctness arises from the fact that the trial court’s opportunity to observe the attitude, demeanor and responses of witnesses gives to that court the greater ability to assess credibility and from that decide the facts.
West Shore Restaurant Corp. v. Turk, 101 So.2d 123 (Fla.1958).
*1168 But as the supreme court also said in Harmon v. Harmon, 40 So.2d 209, 212-13 (Fla.1949):
It is patent that the principal reason for the stronger presumption is that an appellate court gains its view of the controversy from the cold type of a record and has no first hand information therefore of the attitude or the demeanor of the witnesses and no way to interpret accurately the word of a witness where the meaning may be materially changed by the inflection of a voice or by the location of an accent. Of course where, as here, the chancellor has heard none of the witnesses [the testimony had been taken by a master], he has been placed at the same disadvantage [as the appellate court].
It is highly unlikely that the trial court in this case, after twenty-two months, could remember, at least accurately, the attitude, demeanor, responses, inflection of a voice or the location of an accent of any witness. In short, the trial court, like us, was ultimately required to rely on the written record (or merely on its notes if the record had not yet been transcribed, which would make its “record” less reliable than the record before us.) It follows, therefore, that the presumption of correctness which attaches to a ruling of a trial court made upon the written record is slight.[2] Harmon; Adams v. Adams, 385 So.2d 688 (Fla. 3d DCA 1980).
The next issue is to decide how to review a case such as this when there is no presumption (other than the “slight” presumption which requires the appellant to demonstrate error) in favor of the trial court’s ruling. A de novo review in a case in which the credibility of witnesses is important should not be undertaken.[3] The judge receiving the testimony should make this determination — but this determination must be made within a time frame when the trial judge can be expected to remember, in reasonable detail, the witnesses that came before it. If the court does not do this the first time, it should try again.
I would reverse for a new trial.

. Florida Rule of Judicial Administration 2.050(f) contemplates that a judge should rule within sixty days. I suggest that sixty days should be an outside limit to expect a judge to be able to recall with any specificity the witnesses or their testimony particularly when so many other matters, perhaps some similar, have required its attention in the interim. Here the delay was eleven times greater than this "standard.” Although the Rule is a commendable effort to assure timely resolution of cases, it has no enforcement mechanism other than the discretion of the chief judge. Clearly, as this case indicates, that mechanism is inadequate.
Perhaps Judge Sharp, in her dissenting opinion in Polizzi v. Polizzi, 600 So.2d 490 (Fla. 5th DCA 1992), is correct in stating that time standards are the supreme court's responsibility. But it appears to me that until the supreme court acts, it is our responsibility to intervene when an inordinate delay has affected the substantive rights of litigants.

. This "slight" presumption of correctness in a case determined by the trial court on a written record refers only to the appellant's burden to demonstrate error. Adams, 385 So.2d at 689, n 4.

. This is not like the case in which the issue is more a "matter of law" such as the interpretation of a contract. In such case, the appellate court is in as good a position as the trial court to make the determination. Florida Power Corp. v. Lynn, 594 So.2d 789 (Fla. 2d DCA), rev. denied, 602 So.2d 942 (Fla.1992).