649 So.2d 302 (1995)
Mary Ann HOLMES, F/K/a Mary Ann Greene, Appellant,
v.
Jonathan Marcus GREENE, Appellee.
No. 94-1286.
District Court of Appeal of Florida, First District.
January 23, 1995.
*303 Timothy H. Wells, Bonifay, for appellant.
Bonnie K. Roberts, Bonifay, for appellee.
WEBSTER, Judge.
Appellant (the former wife) seeks review of a final order by which the trial court modified the final judgment dissolving the marriage between her and appellee (the former husband), changing the primary physical residence of the parties' twin daughters from her to the former husband. She asserts that the evidence does not support the trial court's finding that a substantial or material change in circumstances sufficient to sustain the change of residence occurred after the entry of the final judgment of dissolution of marriage and that, therefore, the trial court's order modifying the final judgment of dissolution of marriage was an abuse of discretion. We agree, and reverse.
The record reflects that the parties were married to each other in May 1982, and that a final judgment dissolving their marriage was entered, pursuant to a settlement agreement, in October 1985. Pursuant to the parties' agreement, the primary residence of their twin daughters, then age two, was awarded to the former wife; and the former husband was given "reasonable rights of visitation." The former husband was also ordered to contribute $225.00 per month toward the support of the girls.
In October 1993, the former husband filed a request seeking to have the girls' primary residence transferred to him. In support of his request, he alleged that the following "substantial and material changes" had occurred: (1) he had remarried, and was "able to provide a stable home life for the" girls; (2) the former wife had remarried, and "ha[d] recently experienced domestic violence with her present husband"; (3) "[t]he former wife and her present husband ... ha[d] experienced marital disharmony ... which [was] disturbing to the" girls; and (4) "[b]ecause of the former wife's employment, she [was] unable to spend quality time with the children, ... unable to establish an appropriate schedule and ... unable to permit the children to participate in school activities." The former wife responded with an answer admitting that the former husband had remarried; that she had remarried; that her current husband had been guilty of domestic violence against her; and that she "ha[d] experienced marital disharmony." All of the remaining material allegations of the former husband's request were denied. Immediately prior to the commencement of the hearing, the parties stipulated that the former wife had obtained a divorce from, and an injunction against, her latest husband.
After hearing testimony from the former husband and his current wife, the former wife and her latest husband, an acquaintance of the former wife and the two girls, the trial court entered the order which is the subject of this appeal. In that order, the trial court found that the following "material" changes in circumstances had occurred:
A. Since the dissolution of marriage, the father has remarried and now has a stable home life. The father and step-mother [sic] work Monday through Friday from 7:00 a.m. until 3:30 p.m. The step-mother *304 [sic] and the minor children have developed a caring and loving relationship.
B. Both children have expressed a strong desire to have their primary residence with the father and step-mother [sic].
C. The mother's job requires her to work odd hours and on weekends.
D. Because of the rural location of the mother's home, the children would be better able to participate in extra [sic] curricular activities if they lived primarily with their father.
The trial court also found that "[t]he welfare of the children would best be served by the transfer of their primary physical residence to the father."
The parent seeking to modify a prior award of primary residence "`carries an extraordinary burden.'" Zediker v. Zediker, 444 So.2d 1034, 1036 (Fla. 1st DCA 1984) (citing McGregor v. McGregor, 418 So.2d 1073, 1074 (Fla. 5th DCA 1982)). Accord Grumney v. Haber, 641 So.2d 906 (Fla. 2d DCA 1994); Schweinberg v. Click, 627 So.2d 548 (Fla. 5th DCA 1993); Kudick v. Kudick, 622 So.2d 159 (Fla. 4th DCA 1993). Thus, in Zediker, we held that, on appeal in cases such as this,
[o]ur task ... is to determine whether the trial court's discretion is supported in the record by competent and substantial evidence revealing that substantial or material changes in the parties' circumstances had occurred subsequent to the dissolution, and that a change of custody would promote the best interests of the children involved. When ... the record fails to reflect such evidence, we must hold that the lower court has abused its discretion.
444 So.2d at 1038. Applying that test to the record before us leads inescapably to the conclusion that the evidence presented was insufficient; and that, therefore, the trial court abused its discretion when it changed the primary residence of the parties' two girls.
That the former husband "has remarried and now has a stable home life," while certainly reassuring insofar as visitation with the girls is concerned, has repeatedly been held not to constitute a change in circumstances sufficient to sustain a change in primary residence. E.g., Buttermore v. Meyer, 559 So.2d 357 (Fla. 1st DCA 1990); Stricklin v. Stricklin, 383 So.2d 1183 (Fla. 5th DCA 1980). Equally unavailing is the fact that the former wife's "job requires her to work odd hours and on weekends," while the former husband and his current wife work more regular hours. There is nothing to indicate that the former wife was not working similar hours when the final judgment of dissolution was entered; or that any other jobs with more regular hours, which the former wife would be qualified to perform, existed in the relatively rural area where the parties lived. Moreover, the evidence strongly suggests that, were the former husband paying a sum remotely approaching that which the child support guidelines reflect should be his child support obligation, it would not be necessary for the former wife to continue working irregular hours. It would be anomalous, indeed, to penalize the former wife because she is compelled to work such hours to support herself and the two girls. See generally Jones v. Jones, 156 Fla. 524, 23 So.2d 623 (1945) (placing children in boarding school because forced to work to support herself and children does not justify change in custody from former wife to former husband); Robinson v. Robinson, 333 So.2d 526 (Fla. 2d DCA 1976) (fact that, because of mother's work schedule, others would have to care for child for two hours each day before she left for school insufficient to justify change in custody). Also of no consequence is the fact that "[b]ecause of the rural nature of the mother's home, the children would be better able to participate in extra [sic] curricular activities if they lived with their father." It is clear from the record that the former wife and the girls are living in the former marital home, and that this is the only home that the girls have known. Accordingly, this does not constitute a change in circumstances, material or otherwise.
The preference of a child regarding primary residence is entitled to consideration, provided that the child possesses sufficient maturity and understanding to make an intelligent choice. E.g., Elkins v. Vanden *305 Bosch, 433 So.2d 1251 (Fla. 3d DCA 1983); Berlin v. Berlin, 386 So.2d 577 (Fla. 3d DCA 1980). As a general rule, one would not expect a 10-year-old to possess the character traits necessary to make an intelligent decision about such a matter. See id. The record reveals nothing to demonstrate that either girl did possess such traits. On the contrary, the evidence suggests that the girls' preference was motivated in significant part by the fact that the former husband and his current wife have greater financial resources than does the former wife; and, thus, that they will be capable of providing the girls with more material things. Even if the evidence were sufficient to establish that the girls possessed the necessary character traits to make such a choice, a child's wishes, alone, can never be sufficient to sustain a change in primary residence. E.g., Schweinberg v. Click, 627 So.2d 548 (Fla. 5th DCA 1993); Gaber v. Gaber, 536 So.2d 381 (Fla. 3d DCA 1989); Wilson v. Condra, 255 So.2d 702 (Fla. 1st DCA 1971). The reason for this was articulated in Elkins v. Vanden Bosch:
The law does not give children the unfettered discretion to choose the parent with whom they will live, ... or gratify the wishes of children at the expense of the rights of a parent... . Were it otherwise, the law would encourage manipulation by both children and parents and foster a breakdown in discipline, neither of which is in the best interests of children.
433 So.2d at 1253 (citations omitted).
The evidence is insufficient to sustain the trial court's order changing the primary residence of the parties' children. Accordingly, that order is reversed.
REVERSED.
MINER and BENTON, JJ., concur.