THOMPSON, C.J.
Tammy Sue Dobson (“mother”) appeals an order modifying custody, contending that the father, Jerry Eugene Dobson (“father”), failed to prove that a substantial change in circumstances occurred, or that a custody change would be in the children’s best interest. We disagree and affirm.
 A modification of custody is permitted when a material change in circumstances has occurred and a change of primary residential custody is in the best interest of the children. See Stearns v. Szikney, 386 So.2d 592, 594 (Fla. 5th DCA 1980) (citing Sanders v. Sanders, 376 So.2d 880 (Fla. 1st DCA 1979)).
The record, including the mother’s own testimony, provides substantial competent evidence supporting the trial court’s decision. The record reflects that the primary residence at the mother’s home has been and will be detrimental to the children. The'record raises numerous concerns regarding the children’s welfare while living at the mother’s home. First, although both children failed the 2000-2001 academic school year, the mother did not attempt to locate a tutor, while the father located a tutor for the children. Also, the mother missed several teacher conference meetings that were necessary to initiate psychological testing for the children. Second, the children have been exposed to unsafe situations. For example, the children were involved in a car accident while *1220 the mother was driving; she received a careless driving citation. On another occasion, the children were found playing on a busy thoroughfare. Third, the mother pleaded guilty to a DUI charge. Fourth, the mother entrusted the care of the children to people with whom she was not well-acquainted. She allowed four men whom she did not know to drive the children to a baseball field. She also allowed the children to ride go-carts while being supervised by a man she had known for only three months and whose last name she could not remember. The oldest child was injured while go-cart riding and required twenty-two stitches. The mother removed these stitches, although she had no medical training and had never removed stitches before. -Finally, the mother was inattentive to the children’s physical well-being. For example, the children were not on Medicaid because the mother failed to fill out the necessary forms. Also, the children had aggravated dental problems because the mother failed to take the children for their scheduled check-ups.
The record reflects that the mother’s home is an unsafe environment for the children. Further, it is evident that the children have special intervening needs regarding school and their health. See Stricklin v. Stricklin, 383 So.2d 1183, 1184 (Fla. 5th DCA 1980) (agreeing with Jayne v. Dennison, 284 So.2d 287, 238 (Fla. 2nd DCA 1973) that negative factors coupled with intervening special needs and increased ability to provide for the children may justify a change in custody.) Considering the facts, we find the trial court did not abuse its discretion.
AFFIRMED.
SHARP, W. and SAWAYA, JJ., concur.