364 So.2d 78 (1978)
Mary Gemma THOMAS, Appellant,
v.
Donald G. THOMAS, Appellee.
No. 77-2075.
District Court of Appeal of Florida, Second District.
November 8, 1978.
*79 John T. Allen, Jr., P.A., and G. Robert Bolton, St. Petersburg, for appellant.
Joan LoBianco Walker, St. Petersburg, for appellee.
GRIMES, Chief Judge.
We affirm the judgment of dissolution except as set forth below.
(1) The monthly alimony of $430, rather than rehabilitative for a period of four years, should be permanent. The parties were married twenty years, and the youngest of their four children is now twelve. Neither of the parties has appreciable assets save their respective tenancy-by-the-entireties interests in the marital home. The husband earns $45,000-$50,000 yearly as an insurance agent. Two years before the divorce, the wife obtained a teaching certificate and now earns $3,627.68 annually as a part-time teacher. She could earn about $9,000 as a full-time teacher but she has been unable to secure a full-time job because of the large number of elementary education applicants eligible for openings ahead of her. Even if she could get a full-time position her standard of living would still be substantially less than that which the parties enjoyed during the marriage. So long as the husband can afford it, and there is no appreciable increase in the wife's earning potential, the husband should be required to supplement the wife's earnings. In re Marriage of Jones, 357 So.2d 439 (Fla. 2d DCA 1978); Lash v. Lash, 307 So.2d 241 (Fla. 2d DCA 1975).
The fact that the husband must also pay substantial support for the three minor children is irrelevant to our conclusion. He is not contesting the amount of the support and alimony awards, and the additional alimony burden hereby imposed upon him will not take effect until his child support obligation has been reduced and is nearing its termination.
(2) The pleadings and the evidence were sufficient to warrant an order for the sale of the marital home and a division of the proceeds. However, the judgment should be amended so that the sale of the property shall proceed according to the partition requirements of Chapter 64, Florida Statutes (1977). Carlsen v. Carlsen, 346 So.2d 132 (Fla. 2d DCA 1977).
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
GRIMES, C.J., and RYDER and DANAHY, JJ., concur.