383 So.2d 1172 (1980)
Bonita Marie GARVEY, Appellant,
v.
Michael Joseph GARVEY, Appellee.
No. 79-2294.
District Court of Appeal of Florida, Second District.
June 4, 1980.
William A. Dooley and John D. Hawkins of Conley & Dooley, P.A., Sarasota, for appellant.
Robert B. Bennett, Jr. of Vaughan, Mullins, Tayler & Bennett, Sarasota, for appellee.
CAMPBELL, Judge.
This is an appeal from the modification of a final judgment of dissolution whereby custody of the parties' youngest child, Michael, *1173 was split between the mother and father for alternate six-month periods.
In the original dissolution proceedings, the parties stipulated that custody of the four minor children, ages six to twelve, would be in the mother, subject to the father's reasonable visitation rights. This stipulated custody arrangement was incorporated into the final judgment of dissolution entered on March 26, 1979. Approximately four months later, the father moved for an order placing the children in the parties' joint custody, alleging that visitation arrangements had been unsuccessful. By stipulation, the parties and the minor children underwent psychological evaluations. After receiving the psychologists' reports, hearing the testimony of the parties, and conducting an in-chambers interview of the parties' four children, the court entered an order modifying the custody provisions of the final dissolution, and placing the parties' youngest child, Michael, then seven, in the joint custody of the mother and father for alternate six-month periods.
A trial court has less discretion in modifying the custody provisions of a final judgment of dissolution than in making the original determination. Frye v. Frye, 205 So.2d 310 (Fla. 4th DCA 1967). To justify modification, the court must find a substantial change in circumstances since the date of the original judgment and detriment to the children if custody is not changed. Robinson v. Robinson, 333 So.2d 526 (Fla.2d DCA 1976); Hutchins v. Hutchins, 220 So.2d 438 (Fla.2d DCA 1969).
There was no evidence that the mother was an unfit parent; the father conceded this point. We find no evidence indicative of any substantial change of circumstances which would warrant a change of custody as it pertained to the minor child, Michael. In fact, the only basis for the trial court's modification which is apparent from the record is that Michael had stated a preference to live with his father. Although the preference of a child is one factor to be considered, it cannot control the disposition of custody. Gall v. Gall, 336 So.2d 10 (Fla.2d DCA 1976). We also recognize that a trial court does not surrender its discretion to psychologists or other experts testifying concerning the welfare of children where best interests are to be protected by the court. Here, however, the only evidence as to the children's welfare was contained in the lengthy report of the psychologist who examined both parents. The report concluded that,
there is no question in this examiner's mind that the best interests of these children is best served by the court's current custody placement... . Based on my evaluation of these parents, I feel that the granting of any type of joint custody (as requested by Mr. Garvey) would be extremely detrimental to the best interests of these children.
Accordingly, the provision of the modification order placing Michael Garvey in the parties' joint custody is reversed.
RYDER, Acting C.J., and DANAHY, J., concur.