392 So.2d 606 (1981)
Jean Morgan FOSS, Appellant,
v.
George Bridges FOSS, Jr., Appellee.
No. 80-747.
District Court of Appeal of Florida, Third District.
January 20, 1981.
Highsmith & Strauss and Philip Glatzer, Miami, for appellant.
Henry R. Carr, George B. Foss, Jr., Miami, for appellee.
Before NESBITT, BASKIN and PEARSON, JJ.
DANIEL S. PEARSON, Judge.
This marriage began in 1956 and, in a bifurcated proceeding, was dissolved in 1978 *607 with financial and other matters being resolved in 1980. By then, Jean Foss was 47 years old, having borne four children, two of whom were still minors, aged 12 and 15, living with her at home. One of these children suffered from a learning disability; another was emotionally unstable. Mrs. Foss' health was good.
Before the marriage, Jean Foss had earned a degree in speech therapy. During the first year and a half of the marriage, Mrs. Foss was employed full time as a speech therapist; during the ensuing five and a half years, part time. She spent the next fifteen years devoting her full energies to being mother and housewife. The trial court found Mrs. Foss unable to support herself and awarded her rehabilitative alimony for five years.
Mrs. Foss was awarded custody of the minor children and exclusive possession of the marital home until the youngest child reached majority. Subsequently, the trial court ordered her (a) to make her residence available to Mr. Foss for purposes of exercising visitation privileges with any of the children who preferred not to visit with him in his home, and (b) not to remove the children from the jurisdiction of the court without permission of the court or Mr. Foss.
On this appeal, Mrs. Foss contends that she was entitled to permanent, not rehabilitative, alimony; and that the orders requiring her to make her home available to her husband for visitation and preventing her from leaving the state constituted an abuse of the trial court's discretion.
For the reasons fully discussed in Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1980), we hold that Mrs. Foss was entitled to permanent alimony. And see Garrison v. Garrison, 380 So.2d 473 (Fla. 4th DCA 1980); Kvittem v. Kvittem, 365 So.2d 791 (Fla. 4th DCA 1979); Thomas v. Thomas, 364 So.2d 78 (Fla. 2d DCA 1978); Bowen v. Bowen, 347 So.2d 675 (Fla. 3d DCA 1977).
We also agree with Mrs. Foss that the trial court erred in ordering that she make her home available to her husband in order that he may visit there with the children. The final judgment provided:
"The exclusive occupancy and possession of the marital domicile is awarded to [the wife] until the youngest child shall attain the age of majority or [the wife] shall remarry or [the wife] shall voluntarily move from said domicile, whichever shall first occur."
The trial court's supplementary order concerning visitation provided in pertinent part:
"If any child or the children prefer not to visit [the father] in his domicile overnight, then [the father] shall be afforded equal time for visitation with said child or children in the marital domicile, without the interference of [the mother]." (emphasis supplied).
Whether, as Mrs. Foss contends, this order goes as far as permitting Mr. Foss to stay overnight in her home, or merely gives to Mr. Foss additional visitation hours which may be exercised in her home is immaterial. Moreover, we need not decide whether other circumstances not present here (e.g., the extreme youth or ill health of the child) might justify, in order to effectuate the right of visitation, the partial surrender of privacy rights which attend an individual's possessory interest in a home. We decide only that the possible "preference" of children, aged 12 and 15, not to visit with their father overnight in his domicile is insufficient justification for an order allowing the father to visit with them in the mother's domicile.
Fundamental to the ownership of a residence and, indistinguishably, the exclusive right to reside in a home, is that the owner or occupant has a right of privacy, which includes the right to be free from unreasonable restrictions on the use of the residence. Cf. Moore v. City of East Cleveland, 431 U.S. 494, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) (holding unconstitutional a city zoning ordinance which prohibited the occupancy of a dwelling by other than members of a single nuclear family). Where the restriction is reasonably related to a lawful *608 objective, the privacy right may, under some circumstances, be forced to give way. See White Egret Condominium, Inc. v. Franklin, 379 So.2d 346 (Fla. 1980). Even if, arguendo, one's visitation rights are as paramount as another's right to privacy, where, as here, the record does not reflect that visitation can only be effectuated by intruding on Mrs. Foss' privacy in the residence she occupies, no sufficient justification exists for the trial court's order allowing visitation in Mrs. Foss' home. Compare Kranis v. Kranis, 313 So.2d 135 (Fla. 3d DCA 1975).
There are some matters that are not for courts to resolve. If, indeed, children aged 12 and 15 are reluctant to stay in the father's domicile overnight, the solution may have to lie with the father and children coming to understandings calculated to diminish this reluctance. That the father may be deprived, hopefully temporarily, of overnight visits with his children in his own home does not mean that he is deprived of visitation or that a court should step in and deprive the mother of the privacy of her own residence. See generally Rehnquist, The Adversary Society: Keynote Address of the Third Annual Baron de Hirsh Meyer Lecture Series, 33 U.Miami L.Rev. 1 (1978).
Lastly, we turn to that part of the court's supplementary order, which provides:
"Neither party shall remove any child or children from the jurisdiction of this Court without either an Order authorizing same or the prior agreement (in writing if there be any dispute) of the other party."
Generally, courts are empowered to restrict the movement of children of divorced parties. Scheiner v. Scheiner, 336 So.2d 406 (Fla. 3d DCA 1976). The predicate for the exercise of this power is a showing that the movement of the child may interfere with the visitation rights accorded to the other party. In re E.P., 186 So.2d 801 (Fla. 3d DCA 1966). Mrs. Foss does not contend that the rule is otherwise. She says, however, that the scope of the court's order is too broad  it would prevent her from taking any excursion outside of Dade County or a temporary journey out of the state with a child or children unless she had her husband's permission or procured a court order. There is simply no showing in the record before us that such a removal of the children constitutes any threat to the visitation rights of Mr. Foss.
Accordingly, we reverse that part of the final judgment which orders the husband to pay the wife the sum of $1,000 per month as rehabilitative alimony and that part of the supplementary order that prevents the parties from removing the children from the jurisdiction of the court, and remand the cause to the trial court with directions that the award of rehabilitative alimony be made permanent alimony, and that the restrictions on travel be modified by the trial court so as not to require permission for temporary removal of the children in the absence of some showing that such a removal would interfere with the visitation rights of the parties. We reverse and vacate that part of the supplementary order which provides that the husband may exercise visitation privileges in the home, the former marital domicile, now exclusively occupied by the wife. In all other respects, the judgment and supplementary order are affirmed.
Reversed in part; affirmed in part.