MOORE, Judge.
The appellant, Rosemarie Scalzo, appeals from a final judgment of dissolution of marriage. Unfortunately, the appellee has not favored us with an appearance on appeal.
The trial judge labored long and tediously as he presided over a bitterly contested custody battle which saw the appellant retain and discharge five lawyers before settling on her present counsel, who, at post-judgment hearings, also had a co-counsel. Although we sympathize with the court and feel that his twenty-one page final judgment manifests his sincere desire to see justice accomplished, we reluctantly reverse and remand this cause for a new trial on all issues embodied within the pleadings except for the dissolution of the marriage.
The parties were married approximately ten years when the original complaint was filed in March, 1977. The final hearing was necessarily conducted on a piecemeal basis, concluding in March, 1980. Three children, whose ages at the time of dissolution were eleven, nine and five, were bom of the union. During the marriage, the husband was self employed in a variety of business enterprises, none of which brought him great financial success. The wife never engaged in outside employment, but confined herself to the duties of housewife and mother. In the final judgment, the trial court made the following findings: that the husband is a fit and proper person to have custody and control of the children and that the two younger children would therefore be placed in his custody; that the eldest child “has demonstrated an unhealthy attitude toward both parents”, but since the child’s attitude toward her father was one of “overt hostility”, the wife should be awarded custody of that child; that the *1273 wife is not a fit and proper person to have custody of the children; that the husband be granted the use and occupancy of the marital home subject to future partition; that the wife’s adultery and her persistence in an adulterous relationship was the primary cause of the breakup of the marriage; that because of her adultery and other reasons, the wife is not entitled to any form of alimony; that the wife has demonstrated an ability to support herself; and, that the wife is not entitled to an award of attorneys fees and costs.
We have reviewed the entire record which has been provided us. A number of hearings were apparently conducted without the benefit of a court reporter, but these seem to have been concerned with temporary matters and the parties’ financial situation. Although the trial court’s findings come to us with a presumption of correctness, there must be some record support for them, and we can find no support for the findings of adultery as the primary cause of the breakup, nor for the wife’s ability to support herself. Additionally, the final judgment is inconsistent in finding that the wife is not a fit and proper person to have custody of the children, and yet it awards her custody of the eleven year old daughter. This is particularly disconcerting in light of the Supreme Court’s pronouncement that split custody should not be awarded “except for the most compelling cause”. Arons v. Arons, 94 So.2d 849, 853 (Fla.1957). These matters stand unrebut-ted by the appellee and it does not appear that the unrecorded evidence would support these findings. Furthermore, during oral argument counsel advised this Court that the appellee has now returned the children to their mother, and yet he remains in sole possession of the marital home.
We are convinced that the interrelationship of these erroneous findings with the trial court’s other findings and conclusions demand a new trial on all issues except for the finding that the marriage is irretrievably broken.
REVERSED and REMANDED.
HURLEY, J., and SHARP, G. KENDALL, Associate Judge, concur.