MOORE, Judge,
concurring in part and dissenting in part:
The marriage of the parties to this appeal was dissolved in 1974. The mother now appeals a post-decretal order transferring custody of their two minor sons to the father and denying her request for increased child support. I find that the record does not contain sufficient evidence to warrant modification of the child custody award, and would therefore reverse that portion of the order.
Pursuant to a settlement agreement which is incorporated into the final judgment of dissolution, the mother gained custody of the parties’ three children, two boys and a girl. At the time of the dissolution, the boys were six and four years old and the daughter was approximately one and one-half years old. The agreement provided for child support of $125.00 per month per child along with limited amounts for educational and medical expenses. The mother also received the marital home and alimony of $325.00 per month. She assumed the existing mortgage on the marital home.
In 1978, the mother filed a petition for modification seeking increased child support. She alleged a substantial change in circumstances due to the father’s increased income and the children’s increased expenses. The father counter-petitioned for modification, seeking custody of the two boys. He admitted that the mother was a fit parent, but alleged a substantial change in circumstances had resulted from the boys’ maturing and developing interests in outdoor and sports activities. Consequently, the father alleged that he was more capable of providing parental guidance for the two boys.
After hearing, the trial judge concluded that a substantial change in circumstances *242 had occurred and that the best interests of the two boys warranted a transfer of custody. After oral argument before this Court, we relinquished jurisdiction to the trial court for entry of an order reciting the court’s findings of fact upon which its conclusion of a substantial change in circumstances was based. In compliance with our order, the trial court relied upon the testimony of the father and a former neighbor of the parties in concluding that the two sons had matured to the point that they needed a father’s image and a father’s discipline. The court further concluded that such necessary factors in a child’s development were not available in the mother’s home which had “degenerated from a wholesome environment to a substantially less than desirable environment in that the wife had neglected the children with excessive parties, male companionship, and excessive drinking to the point that she is setting a bad example for the children for whom she had previously made a very good home.”
After reviewing the record I believe that it does not support these findings. The father’s testimony was ambiguous at best, and the neighbor’s testimony, after clarified on cross-examination, indicated a wholesome atmosphere in the mother’s home.
A trial court has less discretion in modifying the custody provisions of a final judgment of dissolution than in making the original determination. Frye v. Frye, 205 So.2d 310 (Fla. 4th DCA 1967); Garvey v. Garvey, 383 So.2d 1172 (Fla. 2nd DCA 1980). To justify modification, the court must find a substantial change in circumstances since the date of the original judgment, which circumstances will act to the detriment of the children if custody is not changed. Garvey, supra. In view of this limited discretion, the record simply does not warrant a change in custody.
Moreover, the modification in this case resulted in split custody, the daughter staying with the mother and the custody of the sons lodged with the father. Split custody should not be awarded except for the most compelling reasons. Arons v. Arons, 94 So.2d 849 (Fla.1957); Scalzo v. Scalzo, 395 So.2d 1272 (Fla. 4th DCA 1981). See also, McCoy v. McCoy, 400 So.2d 859 (Fla. 4th DCA 1981). In Arons, the Florida Supreme Court explained:
We are impressed with the fact too that the decree of the chancellor, which divides the children of the parties, will result in further destruction of what is left, after divorce, of this family unit. We are of the view that the children in a family should not be separated from each other and distributed about in different homes, except for the most compelling cause. For while brothers and sisters may not have a legal right to remain together, to share each other’s lives, and to grow up together, certainly they have a natural right to do so. Justice requires that society exercise its moral duty to insure that children in a family enjoy this right until such time as absolute necessity and the welfare of the children, itself, requires their separation.
Applying these criteria, I find that the trial court abused its discretion by modifying custody. Considering the father’s admission that the mother is a fit parent, the record does not contain substantial competent evidence of a change in circumstances showing that modification was essential to the welfare of the children. Furthermore, I fail to perceive any compelling circumstances that could justify split custody.
I would therefore reverse that portion of the judgment transferring custody of the parties’ two sons to the father.
Considering the financial position of the mother as presented at the hearing, together with the father’s increased income and net worth, I agree with the majority that the trial court did not abuse its discretion by denying an increase in child support. Consequently, I concur in affirming that portion of the court’s order denying the mother’s petition for increased support.