DANAHY, Acting Chief Judge.
In this dissolution of marriage proceeding, the husband challenges the trial judge’s failure to grant him permanent periodic alimony and an award of attorneys’ fees. By cross-appeal, the wife challenges the trial judge’s award to the husband of *626 lump sum alimony in the sum of $250,000. We affirm in part and reverse in part.
The parties were married for over thirty years at the time of their separation. During most of that time they lived in the State of Wisconsin where the husband was employed in high-level executive positions with companies owned by the wife and her family. His annual salary in those positions was substantial.
In 1980 the parties sold their stock in the family businesses and moved to Florida, where they had bought a home. The husband says that he thought they were retiring, since he had reached the age of fifty-five years. However, the wife says that they were to look for a business to buy which would afford them some income. In any event, the husband apparently left the marital home to live with his girlfriend and these dissolution proceedings were instituted by the wife.
The wife is independently wealthy and enjoys a substantial income. The husband points out that during the parties’ thirty-year marriage, they were supported by the husband’s salary, with the result that the wife was able to accumulate and reinvest her income.
The wife having the ability to pay alimony, the issue in this case is whether the husband is in need of alimony. The wife points out that the husband is presently receiving $60,000 a year under a consultant contract which expires December 1, 1985. After that time, the husband’s income, according to his testimony, will be reduced to approximately $35,000 per year or approximately $28,000 per year after taxes.
We find no abuse of discretion on the part of the trial judge in awarding the husband $250,000 in lump sum alimony. Nor do we find an abuse of discretion on the part of the trial judge in failing to award the husband permanent periodic alimony at this time, and in refusing to require the wife to contribute toward the husband’s attorneys’ fees and costs.
.However, we feel that the trial judge abused his discretion in failing to reserve jurisdiction in the final judgment for a possible award of permanent periodic alimony to the husband in the future. Without such a reservation of jurisdiction, the trial judge will lose jurisdiction to modify the final judgment subsequently and award periodic alimony. Poe v. Poe, 263 So.2d 644 (Fla. 3d DCA 1972). Upon a review of the record in this case, taking into consideration the wife’s means and the husband’s age and possible future needs, we feel that the trial judge in this case should have reserved jurisdiction to award permanent periodic alimony to the husband in the future if the husband can establish need and the wife then has the ability to pay.
Accordingly, we reverse the final judgment with directions that the trial judge enter an amended final judgment reserving jurisdiction to subsequently award permanent periodic alimony. We affirm the final judgment in all other respects.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
CAMPBELL and LEHAN, JJ., concur.