THOMPSON, Judge.
The former wife appeals a judgment of dissolution of marriage which awarded her the husband’s equity in the marital home in the amount of approximately $5,000.00 as lump sum alimony but awarded neither permanent nor rehabilitative alimony. We reverse.
The parties were married for approximately 15 years and have five children. The wife was 20 years old at the time of the marriage, and has a high school education but has had no further education or training of any kind since the date of her graduation. She has worked briefly for her father in his used car business but has never been employed full time outside of the home. The wife was not employed at the time of the final hearing but was to be employed by her father after the dissolution of the marriage. The wife has made no other effort to locate employment. The husband is employed by Southern Bell Telephone Company. He earned in excess of $35,000 in 1984 and in excess of $31,000 in 1985.
The wife was not earning any income at the time of the dissolution hearing, yet the only alimony awarded was the husband’s equity in the marital home. Although an asset to the wife, the home does not furnish her a source of funds for her own maintenance and support. She cannot liquidate the asset as it would require selling the home in which she and her five children live. The wife may not use the support awarded the children for her personal expenses and support. The court did not even reserve jurisdiction to award periodic alimony in the future.
The award of either permanent or rehabilitative periodic alimony is a matter within the discretion of the trial court and the trial court’s decision on these matters will not be disturbed on appeal unless it is unsupported by the evidence or is an abuse of discretion. However, under the facts of this case we find it was an abuse of discretion for the trial court not to retain jurisdiction to award periodic alimony in the future, should the facts make such an award appropriate. Brown v. Brown, 440 So.2d 16 (Fla. 1st DCA 1983). There was testimony that the wife’s father will give her a job after the dissolution, but the record does not reflect what amount she will earn or how long she will be employed.
Although the award of $1,000 per month for the support of the children is not overly generous, it does not constitute a reversible abuse of discretion.
REVERSED and REMANDED for further proceedings consistent with this opinion.
SHIVERS and ZEHMER, JJ., concur.