522 So.2d 899 (1988)
Kimberly Voth COOK, Appellant,
v.
David Howard VOTH, Appellee.
No. 87-2740.
District Court of Appeal of Florida, Second District.
February 26, 1988.
Rehearing Denied April 6, 1988.
Raymond A. Alley, Jr., of Raymond A. Alley, Jr., P.A., Tampa, and Merrie-Roxie Crowell, of Merrie-Roxie Crowell, P.A., Clearwater, for appellant.
Richard G. Pippinger of Pippinger-Tropp, P.A., Tampa, for appellee.
PARKER, Judge.
Cook, the former wife, appeals the trial court's denial of Cook's motion to dissolve *900 a temporary injunction, which enjoined Cook from removing the parties' minor child from Hillsborough County. We reverse.
This appeal stems from the dissolution of the parties' eight-year marriage. One child was born of the marriage. The settlement agreement, which was incorporated in the final judgment of dissolution, contained the following pertinent language:
3. The Husband and Wife agree that the best interests of the child will be served if both parents retain full parental rights and responsibilities with respect to said minor child, subject to the following terms and conditions:
a. The primary physical residence of the minor child shall be in the home of the mother located in Hillsborough County, Florida.
....
d. The parties may not remove the child from the State of Florida without the written consent of the other party or a court order.
....
f. The father shall have rights of visitation including frequent and continuing contact with the child at reasonable times and places, with no less than 14 days per month including two consecutive days per week and every other weekend being Friday, Saturday and Sunday nights.
Both parties have now remarried. Cook's new husband received an employment promotion requiring a move from Tampa to Naples. Upon Voth's motion, a temporary injunction, without notice, was entered by the trial court enjoining and restraining the removal of the child from the jurisdiction of the Thirteenth Judicial Circuit, which includes Hillsborough County, until further order of the court. Cook's motion to dissolve the temporary injunction was denied.
We find error in the trial court's denial of the motion and reverse. There is no showing that Voth's visitation rights will be impaired by Cook's prospective move to Collier County. Foss v. Foss, 392 So.2d 606 (Fla. 3d DCA 1981). See also Bergman v. Bergman, 434 So.2d 1037 (Fla. 3d DCA 1983). On the contrary, the record discloses that Cook has made every attempt to ensure and facilitate Voth's visitation privileges, and has expressed her intention to continue to do so after the move.
There is also no express limitation in the dissolution judgment that Cook remain within Hillsborough County, but only that the child not be removed from the state without the other party's consent or a court order. Therefore, Cook should be free to move to Collier County so long as she continues to comply with the visitation provisions set out in the dissolution judgment. Giachetti v. Giachetti, 416 So.2d 27 (Fla. 5th DCA 1982). To the extent that the statement in the final judgment, that "[t]he primary physical residence of the minor child shall be in the home of the mother located in Hillsborough County, Florida," can be interpreted to require Cook to stay within the county, that portion of the judgment should be modified as its scope is too broad. Foss.
Accordingly, we remand the case to the trial court for the entry of an order dissolving the temporary injunction and other proper order(s) not inconsistent with this opinion.
LEHAN, A.C.J., and THREADGILL, J., concur.