558 So.2d 199 (1990)
Julie EDDY, F/K/a Julie Napier, Appellant,
v.
James A. NAPIER, Appellee.
No. 89-01426.
District Court of Appeal of Florida, Second District.
March 21, 1990.
*200 Kristin Adamson of Novey & Mendelson, Tallahassee, for appellant.
Merrie-Roxie Crowell, Clearwater, for appellee.
THREADGILL, Judge.
Julie Eddy, the former wife of James Napier, and mother of their minor child, appeals an order of the trial court granting her former husband's petition for shared parental responsibility, changing the residence of the child, and denying her attorney's fees and costs. We reverse.
The parties were divorced after five years of marriage by a final judgment of dissolution entered on January 27, 1982. Their daughter was then three years old, and the mother was granted sole parental custody; the father was granted reasonable visitation. At the time of the final judgment, the mother and child had relocated to Sarasota, and the father continued to live in Pinellas County where he was a practicing physician. He subsequently attended law school and is now licensed to practice both medicine and law.
After several years, the mother, a nurse, decided she too would attend law school and, for financial reasons, she chose Florida State University in Tallahassee. She did not discuss this decision with the child's father until shortly after she and the child moved to Tallahassee in 1986. In July of 1988, the father petitioned for a change of custody alleging, in effect, that the relocation from Sarasota to Tallahassee was interfering with his visitation rights to the detriment of the child.
At a hearing in December of 1988, the trial court took evidence, including testimony from the father that prior to the move to Tallahassee he usually saw his daughter every other weekend, every three-day weekend, alternating holidays, and frequently during the summer, though occasionally he would see her only once a month. After the move he was able to visit regularly with the child only once a month, though the other terms remained much the same and she visited him for seven weeks during the summer. Two psychological evaluations of the child were also entered into evidence.
On April 24, 1988, the trial court entered its findings and judgment. The court found that the mother had overextended her custodial prerogative by breaching an implied duty to notify the father and the court of her plan to move to another county. Noting, erroneously, that both psychologists had recommended shared parental responsibility, the court then ordered that *201 the parents share parental responsibility and designated the husband as the "temporary custodial parent," allowing the wife visitation rights reciprocal to those she had afforded her husband while the child lived with her. The mother appeals this order.
A custody order should not be disturbed absent a showing of abuse of discretion, In re Gregory, 313 So.2d 735 (Fla. 1975); Culpepper v. Culpepper, 408 So.2d 782 (Fla. 2d DCA 1982); but a court has less discretion in modifying a custody arrangement than in making the original determination. Garvey v. Garvey, 383 So.2d 1172 (Fla. 2d DCA 1980). To justify modification the court must find a substantial change in circumstances detrimental to the child since the original judgment. Id. at 1173.
Here the evidence reflects no substantial change in circumstance other than the move to Tallahassee, and the court made no finding that the move to Tallahassee was detrimental to the child. All the evidence, including both psychological evaluations, indicates that the child is happy, healthy and attached to both parents. She has adjusted well to life in Tallahassee, is making excellent grades and is involved in girl scouting and soccer. Although the child sees her father less often than she did prior to moving to Tallahassee, and feels some sadness about that, the record indicates that the father is still afforded reasonable visitation as was ordered in the final judgment of dissolution. There is no evidence nor was it argued that the mother is an unfit parent, or that it would be in the best interest of the child to be taken from her mother with whom she has lived since birth. There thus appears to be no basis for a finding that the child's current environment is detrimental to her welfare.
This court has held that, absent a showing that the move will significantly impair the visitation rights of the noncustodial parent, there is no prohibition against a custodial parent moving to another county within the state. Cook v. Voth, 522 So.2d 899 (Fla. 2d DCA 1988). Although the final judgment granted sole custody to the mother, and included no express requirement that she notify the father of an intrastate move, the trial court appears to have ignored the best interests of the child and to have punished the mother for failing to give prior notice of the move. This constitutes an abuse of discretion. See McIntyre v. McIntyre, 452 So.2d 14 (Fla. 1st DCA 1984). Accordingly, we reverse the order changing custody.
The trial court also ordered each party to pay their own attorney's fees and costs. We find that this was an abuse of discretion. The wife, in her answer to the husband's petition, requested fees and it is apparent from the evidence that there is a significant financial disparity. The husband is a practicing attorney and physician and the wife is a law student. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). We therefore, remand the matter of the wife's entitlement to attorney's fees and costs to the trial court for further proceedings.
Reversed and remanded.
LEHAN, A.C.J., and FRANK, J., concur.