PATTERSON, Judge.
This appeal centers around the daughter of the parties, Aimee Sohrabi, who was born on March 16, 1986. The mother challenges an amended final judgment of dissolution of marriage and the denial of her motion for rehearing in this dispute with Aimee’s father. The mother raises six issues for our review. We have considered each issue and determine that the injunction restricting the parties’ movement with Aimee requires reversal and a remand for further proceedings. We affirm on all other points without discussion, except for a brief analysis of the supervised visitation issue.
The mother filed a petition for dissolution of marriage in August 1987, requesting primary physical residence of Aimee and supervised visitation for the father. Temporary visitation orders required a security guard to supervise the father’s visitation, which cost approximately $130 per hour. In an amended final judgment, the trial court found that it was in Aimee’s best interests that the mother have sole parental responsibility for the child, and that the primary physical residence be with the mother. The trial court gave the father unsupervised visitation with Aimee, but enjoined each party from leaving the Thirteenth Judicial Circuit (Hillsborough County) with the child without the prior consent of the other party.
The mother’s request for supervised visitation stems from the fact that the father is a native of Iran with dual American/Iranian citizenship. Testimony from the mother and her witnesses indicates that the father has threatened to take Aimee back to Iran with him. The father testified, however, that in an argument with the mother he told her that he would get his daughter from her, but that he never threatened to take the child to Iran. He also testified that it would be dangerous for him to return to Iran.
While we understand the mother’s concern, this court is not in a position to reweigh evidence which the trial judge heard and considered in reaching his decision. See Shaw v. Shaw, 334 So.2d 13 (Fla.1976). In a letter to the parties’ counsel announcing his ruling, the trial judge stated in part:
I recognize that Mrs. Sohrabi has great anxiety as to whether or not Mr. Sohrabi is going to flee with the child to Iran. She indicated that she would have no objections to Mr. Sohrabi having visitation with the daughter if the court could “guarantee” that he would not flee with the child. Obviously, there is not any way the court can create such a guarantee. I did not find that the likelihood of that happening was so great as to justify having a limitation on his reasonable access to the child.
The trial judge was in a better position than we are to evaluate this difficult issue, and we cannot say that he abused his discretion in reaching the conclusion that unsupervised visitation was proper.
In an effort to prevent abduction, the court enjoined each party from leaving the Thirteenth Judicial Circuit without the other party’s consent. Apparently the court restricted both parties because the father alleged that the mother had attempted to thwart his visitation rights with Aimee. This restriction is too narrow for the mother, who has sole parental responsibility of the child. Under the current restriction, the mother cannot take her daughter to the beach or on a trip to Disney World.
We see no evidence of a threat to the father’s visitation rights by the mother’s temporary travel within the State of Florida with Aimee. In Foss v. Foss, 392 So.2d 606 (Fla. 3d DCA 1981), the court reversed a restriction preventing each party from removing the children from Dade County without a court order or the other party’s consent. The court held that, absent a threat to the parties' visitation rights, the restriction should be modified to allow each party to temporarily remove the children from the jurisdiction without the other party’s permission.
As to the mother, we reverse the travel restriction and remand to the trial court for the entry of an order which allows the mother to temporarily travel with the child outside the Thirteenth Judicial *942 Circuit. Our determination does not relate to the right of the mother to permanently change the residence of the child from the State of Florida which is not raised in this appeal. As to the father, in light of the alleged abduction threats, we remand to the trial court for a determination as to whether the father’s restriction should be enlarged to include temporary travel with Aimee within the State of Florida, or if it is necessary to continue to limit his visitation with Aimee to Hillsborough County.
Affirmed in part, reversed in part and remanded.
SCHEB, A.C.J., and HALL, J., concur.