570 So.2d 1347 (1990)
Carolyn E. ECKROADE, Appellant/Cross-Appellee,
v.
William E. ECKROADE, Appellee/Cross-Appellant.
No. 89-1859.
District Court of Appeal of Florida, Third District.
October 2, 1990.
*1348 Maurice Jay Kutner and Carolyn W. West, Miami, for appellant/cross-appellee.
William A. Daniel, Jr., Miami, for appellee/cross-appellant.
Before HUBBART, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
Carolyn Eckroade appeals a final judgment of dissolution of marriage. William Eckroade cross-appeals the award of attorney's fees. We reverse the final judgment, except for the dissolution of the marriage, and remand for further proceedings.
Carolyn and William Eckroade were married for thirty-three years. They have two children beyond the age of majority. The husband petitioned for dissolution of the marriage, and after conducting extensive hearings and considering testimony, the trial court entered a final judgment of dissolution of marriage. In the final judgment, the trial court awarded the wife's interest in the marital residence to the husband, distributed the parties' assets, denied the wife alimony, refused to reserve jurisdiction to award future alimony, and awarded the wife attorney's fees. Mrs. Eckroade's appeal challenges the distribution of property and failure to award alimony; Mr. Eckroade's cross-appeal takes issue with the award of attorney's fees.
We reverse the final judgment because it is riddled with inconsistencies and incongruities.[1] The confused state of the final judgment precludes meaningful appellate review. Turner v. Turner, 529 So.2d 1138 (Fla. 1st DCA 1988).
In addition, we find that the trial court abused its discretion when it refused to reserve jurisdiction to award the wife alimony in the future. Noah v. Noah, 491 So.2d 1124 (Fla. 1986); Langer v. Langer, 463 So.2d 265 (Fla. 3d DCA 1984), review denied, 472 So.2d 1181 (Fla. 1985). The record reflects a disparity in the parties' earning abilities and resources. The trial court should have reserved jurisdiction to modify its alimony ruling if in the future the wife demonstrates a need and the husband has the ability to pay alimony. Burchard v. Burchard, 455 So.2d 625 (Fla. 2d DCA 1984); Abernathy v. Abernathy, 494 So.2d 309 (Fla. 1st DCA 1986).
In his cross-appeal, the husband argues that the trial court erred in awarding the wife attorney's fees without hearing testimony. Agreeing that the award of attorney's fees based solely on affidavits was error, Ashourian v. Ashourian, 519 So.2d 35 (Fla. 1st DCA 1987), we reverse the attorney's fees award and remand for a hearing on that issue.
We offer as guidance to the trial court for consideration on remand the following principles: The final judgment must be supported by competent and substantial evidence, Kelly v. Kelly, 557 So.2d 625 (Fla. 4th DCA 1990); Scalzo v. Scalzo, 395 So.2d 1272 (Fla. 4th DCA 1981), and the "hotly contested" valuations of property must be consistent with the evidence. Carroll v. Carroll, 471 So.2d 1358, 1361 (Fla. 3d DCA), review denied 482 So.2d 347 (Fla. 1985).
The only evidence before the court of the value of the assets appears in the parties' financial statements. These statements *1349 reveal that the parties have assets of approximately $300,000; however, despite the trial court's statement in the final judgment that the wife was to receive half the assets, the trial court awarded the wife only $75,000. As the trial court acknowledged, the starting point for equitable distribution is an award of half to each party; only upon a showing of extraordinary circumstances will an unequal division of the assets be appropriate. Halberg v. Halberg, 519 So.2d 15 (Fla. 3d DCA 1987); Ervin v. Ervin, 553 So.2d 230 (Fla. 1st DCA 1989); Moore v. Moore, 543 So.2d 252 (Fla. 5th DCA 1989).
During the proceedings the trial court heard testimony about the parties' misconduct. A party's misconduct is not a valid reason to award a disproportionate amount of the marital assets to the innocent spouse, unless the infidelity depleted the marital assets. Noah; McKinlay v. McKinlay, 523 So.2d 182 (Fla.1st DCA 1988); Pardue v. Pardue, 518 So.2d 954 (Fla. 1st DCA 1988). Furthermore, the fact that one of the parties was involved in a serious relationship with a third person is not in itself a sufficient reason to deny alimony or to divide the marital property inequitably. Herrero v. Herrero, 528 So.2d 1286 (Fla. 2d DCA 1988); see also Kenyon v. Kenyon, 496 So.2d 839 (Fla. 2d DCA 1986), review denied 506 So.2d 1042 (Fla. 1987); Martin v. Martin, 366 So.2d 475 (Fla. 3d DCA 1979) (Schwartz, J., specially concurring).
The trial court also denied the petition for partition of the marital residence. On remand the trial court should consider that the parties have no minor children,[2] and that no special equities justify the denial. Segal v. Segal, 353 So.2d 894 (Fla. 3d DCA 1977); see Condrey v. Condrey, 92 So.2d 423 (Fla. 1957).
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] In one instance the final judgment states:

The Wife shall be entitled to receive one-half of the Husband's Texaco monthly pension plan benefits valued as of January 1, 1989, ... [at] $1,471.73 per month and the Wife may begin receiving either $319.90 per month or $359.84 per month... .
[2] In fact, neither of the Eckroades lives in the house. The father has permitted the children, aged 28 and 32 at the time of the final hearing, to live there with their spouses and children, without paying rent.