BLUE, Acting Chief Judge.
John P. Barben seeks review of two post-judgment orders in this dissolution of marriage ease. First, he appeals the order denying his petition for modification of the final judgment. Second, he appeals the order holding him in contempt of court for failing to pay his former wife’s attorney’s fees. We affirm the trial court’s order on the modification petition because there is substantial competent evidence to support the order. We reverse the order of contempt because it does not comply with Bowen v. Bowen, 471 So.2d 1274 (Fla.1985).
The final judgment of dissolution of marriage awarded residential custody of the parties’ five-year-old daughter to the mother. Soon thereafter, the mother moved from Avon Park, where the father resides, to Tampa, a driving time of approximately two hours, one way. The father filed a motion for modification requesting residential custody of the child based on the mother’s relocation. Following a lengthy evidentiary hearing, the trial judge denied the father’s motion. We affirm that ruling. First, we note that the mother was free to move because there was no provision in the final judgment prohibiting her from relocating. See Cook v. Voth, 522 So.2d 899 (Fla. 2d DCA), rev. denied, 531 So.2d 1355 (Fla.1988). Second, although we are not convinced that Mize v. Mize, 621 So.2d 417 (Fla.1993), applies to intrastate moves of this short distance, the trial court clearly considered the six factors set forth in Mize. The record supports the trial court’s resolution of these matters, including the finding that residing in Tampa was in the child’s best interest. See also Kelly v. Kelly, 642 So.2d 800 (Fla. 2d DCA 1994).
The final judgment of dissolution also required the former husband to pay the former wife’s attorney’s fees. This order was not appealed. After the former husband’s delay in paying the attorney’s fees, the court held him in contempt. This “order granting former wife’s motion to compel and holding former husband to be in civil contempt” is fraught with error. The order was entered following a telephonic hearing of which there is no record. The hearing was not noticed pursuant to the requirements of Florida Rule of Judicial Administration 2.071. Although there is no record of the hearing, it appears from the parties’ representations that no testimony was presented. The order itself contains no finding of a present ability on the part of the former husband to pay the previously ordered attorney’s fees. See Bowen. The order is also erroneous because it suspended incarceration for thirty days and provided that a commitment order would be automatically issued in the event of the former husband’s noncompliance. This type of order could result in the former husband’s incarceration without the requisite notice and opportunity to be heard. Without such notice, the former husband would not have an *744 opportunity to establish that at the time of incarceration he did not have the present ability to pay. See Haymon v. Haymon, 640 So.2d 1204 (Fla. 2d DCA 1994). Accordingly, we reverse and remand for a new hearing concerning the former husband’s present ability to pay the amount he owes to the former wife’s attorney.
The former husband presented numerous other issues that are without merit and which we affirm without discussion.
Accordingly, we reverse the order of contempt and remand for further proceedings. We affirm as to all other issues.
QUINCE and WHATLEY, JJ., concur.