CAMPBELL, Acting Chief Judge.
Appellant/Mother challenges the final judgment modifying an earlier final judgment of paternity that had awarded primary residential custody of the parties’ minor son to the Mother. The modification judgment subject to this appeal awarded custody to the Father. Our review leads us to agree with the Mother that the trial court did not apply the correct standard and, therefore, erred in modifying custody. We, accordingly, reverse.
 The trial court appears to have applied merely the “best interests” standard that is used when making an initial custody determination. The court made the section 61.13, Florida Statutes (1995) findings and concluded that modification of custody would be in the best interests of the child. However, when modification of a previous award of custody is sought, the test to be applied involves more than just the best interests of the child. First, the court must find a substantial change in the circumstances of the parties since the original award of custody. In addition, the court must find that a failure to change custody would be detrimental to the child’s overall best interests.
Not only did the court fail to apply the right standard, but the Father also, in his petition to modify custody, argued the wrong standard. He argued only that the child would be better off if he acquired custody. See Garvey v. Garvey, 383 So.2d 1172, 1173 (Fla.2d DCA 1980). See also Eddy v. Napier, 558 So.2d 199 (Fla.2d DCA 1990).
We, therefore, reverse and remand with instructions that the child be returned to the residential custody of his Mother.
PARKER and WHATLEY, JJ, concur.