PER CURIAM.
We affirm the final judgment of dissolution of marriage finding that the court did not abuse its discretion in failing to award the wife alimony. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). However, we remand the cause for the trial court to amend the judgment. Here, although the husband’s income is significantly greater than the wife’s income, and she has demonstrated a need for alimony, the husband’s ability to pay alimony is limited due to his child-support obligation. Under these circumstances, the reduction of that obligation upon each child’s emancipation may provide a change in circumstances enabling the husband to provide for his wife’s support. See Stock v. Stock, 693 So.2d 1080 (Fla. 2d DCA 1997). Therefore, the court should have reserved jurisdiction to consider an alimony award in the future. On remand, the court must amend the judgment to reflect a reservation of jurisdiction to “modify its alimony ruling if in the future the wife demonstrates a need and the husband has the ability to pay alimony.” Eckroade v. Eckroade, 570 So.2d 1347, 1348 (Fla. 3d DCA 1990). See Shaw v. Shaw, 334 So.2d 13 (Fla.1976)(trial court has discretion to reserve jurisdiction to award alimony in the future).
Affirmed; cause remanded with directions.
GERSTEN and SHEVIN, JJ., concur.