779 So.2d 490 (2000)
Teresa M. GOODMON, Appellant,
v.
Glenn B. GOODMON, Appellee.
No. 2D99-4593.
District Court of Appeal of Florida, Second District.
November 22, 2000.
*491 Mitchell E. Albaugh of Mitchell E. Albaugh, P.A., Riverview, for Appellant.
Ernie Jones, Lakeland, for Appellee.
WHATLEY, Judge.
Teresa M. Goodmon appeals an order changing primary residential custody of the parties' two minor children to their father, Glenn B. Goodmon. We reverse because the father did not meet the extraordinary burden necessary to support a postdissolution change of custody.
The parties were separated for more than nine years prior to their dissolution. During this time, the mother was the primary residential custodian of the children. The parties' marriage was dissolved on December 15, 1998, and pursuant to a marital settlement agreement, the mother was designated as the primary residential custodian. Eight months after the dissolution of the parties' marriage, the father filed a petition seeking a change in primary residential custody.
The father had an extraordinary burden to change custody in this postdissolution setting. See Chant v. Chant, 725 So.2d 445, 447 (Fla. 2d DCA 1999). The father was required to prove that a substantial change in the circumstances of the parties had occurred since the original award of custody and that the failure to change custody would be detrimental to the children's overall best interests. See Gibbs v. Gibbs, 686 So.2d 639 (Fla. 2d DCA 1996); Fuxan v. Seaholm, 685 So.2d 899 (Fla. 2d DCA 1996). Here, the trial court specifically found that the children would not suffer detriment if primary residential custody were to remain with their mother. In fact, the trial court found the mother to have been a "wonderful mother." Therefore, the trial court erred in changing custody to the father.
We note that the trial court conducted an in camera interview with the children pursuant to the parties' agreement. It was agreed that the matters discussed would remain confidential. We recognize that parties may agree to such an in camera interview under appropriate circumstances. However, if such an interview is not transcribed and the trial court's findings concerning the interview are not included in the record, the interview and any implied inferences to be drawn therefrom may not be considered on appeal. Consequently, such an in camera interview may be ineffective unless the parties agree to waive the right to appeal the trial court's ruling.
We further note that the children are now 17½ years of age and 15½ years of age, and when custody is returned to the mother, it will necessitate a move by the children from Georgia to Florida. This will obviously cause a disruption in their lives. The mother and father would do well to implement this court's decision with a full measure of patience and wisdom. See Gibbs, 686 So.2d at 645 (noting that courts must trust that divorced parents usually want what is best for their children and have far greater ability to assess the interests of the children).
Accordingly, we reverse the trial court's order changing custody and remand for further proceedings consistent with this opinion.
Reversed and remanded.
ALTENBERND, A.C.J., and STRINGER, J., Concur.